OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Plaintiff’s pleading and the papers submitted in its support cannot be said to set forth a legal basis for finding that defendant procured the separation agreement by duress. As alleged in the complaint, plaintiff was under emotional strain during the several months that the agreement was being drafted. During this entire period, however, plaintiff was represented by an attorney who undertook the actual negotiations. Implicitly, plaintiff’s attorney also approved the terms of the agreement and there is no contrary showing. Plaintiff signed the agreement at her attorney’s office, in her attorney’s presence, and several days before defendant signed the agreement at his attorney’s office. Even accepting plaintiff’s allegation that defendant persistently telephoned her to urge that she sign the agreement, the circumstances described in the complaint do not constitute duress.
Nor does the complaint state a cause of action to rescind on the ground of incapacity to contract. Even if the complaint could be read to allege incapacity, nothing in the complaint or the affidavits suggests that plaintiff’s claimed incapacity continued through the two years during which the contract was effective and fully performed by defendant, and the benefits received by plaintiff. Under such circumstances, plaintiff must be deemed to have ratified the agreement (cf. Sternlieb v Normandie Nat. Securities Corp., 263 NY 245, 247-248; Smith v Ryan, 191 NY 452, 458; Soviero Bros. Contr. Corp. v City of New York, 286 App Div 435, affd 2 NY2d 924).
*959 In light of the disposition of the appeal on the ground of the insufficiency of the pleadings, no opinion is expressed as to the other issues raised by the parties.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur; Judge Jones taking no part.
Order affirmed, without costs, in a memorandum.