■ ELINOR M. BARRY, Respondent, v EDWARD M. BARRY, Appellant. — In an action, *inter alia,* to rescind a separation agreement and declare that the marital residence be held in constructive trust, the defendant husband appeals from a judgment of the Supreme Court, Suffolk County (Roncallo, J.), dated August 22, 1983, which set aside the separation agreement on the ground of overreaching by him, and ordered him to transfer title to the marital residence from his name alone to the names of both plaintiff and defendant, as tenants by the entirety. ¶ Judgment reversed, on the facts, without costs or disbursements, complaint dismissed, defendant's counterclaim for a conversion divorce

reinstated and severed, and the clerk of Special Term, Part V, is directed to restore it to the calendar. ¶ The parties were married on February 14, 1977. It was a second marriage for both. Shortly thereafter, plaintiff transferred title to a house in Hauppauge, which was her separate property, from her name to the names of both herself and defendant as tenants by the entirety. That property was subsequently sold and all the proceeds were used towards the purchase and improvement of certain real property in Montauk, title to which was placed solely in defendant's name. Some time later, but prior to the effective date of the Equitable Distribution Law (Domestic Relations Law, § 236, part B), defendant instituted a divorce action. After lengthy negotiations, during which both parties were represented by counsel, a separation agreement was signed and the pending divorce action was discontinued, with prejudice. According to the terms of the agreement, defendant retained title to the Montauk property, but the wife was given exclusive possession of that property for a period of almost one and one-half years, with defendant responsible for the mortgage and tax payments. Additionally, defendant was to give plaintiff a $30,000 mortgage on the Montauk property, with half payable at the end of the term during which plaintiff was permitted to occupy the property, and the other half payable in equal monthly installments of $373.28 thereafter. Plaintiff was further given rehabilitative maintenance in the sum of $50 per week for the three years following her vacatur of the Montauk home unless sooner terminated, *inter alia*, by the death of either party or the remarriage of the wife. She was thus eligible to receive $7,800 in such rehabilitative maintenance. By signing the agreement, plaintiff received the additional benefit of dismissal of the pending fault-based divorce action, with prejudice. Had defendant prevailed in that action, plaintiff would not have been entitled to any alimony payment. ¶ After residing in the Montauk property for most of the period in which she was to be permitted occupancy, plaintiff commenced the instant action, *inter alia*, to rescind the agreement and establish a constructive trust, for her benefit, over it. After a nonjury trial, Special Term granted both requests. ¶ In our view, Special Term erred in setting the separation agreement aside. While the agreement was not overly generous to plaintiff, it was the product of lengthy negotiations. Both sides were competently represented by counsel. Plaintiff's claim that her attorney was inadequate as he was selected by the defendant is not supported by the record. There is no indication that counsel for plaintiff did not zealously represent plaintiff's best interests and desires at the time the agreement was signed (see *Freimour v Freimour*, 78 AD2d 896; see, also, *Perry v Perry*, 64 AD2d 625). ¶ We further find that the separation agreement was fair on its face and not the product of overreaching on the part of defendant. In any event, plaintiff reaped the benefits of the agreement for over a year, and at this late time, should not be able to undo her bargain after she accepted its benefits (*Beutel v Beutel*, 55 NY2d 957; see, also, *Surlak v Surlak*, 95 AD2d 371). Thompson, J. P., Weinstein, Brown and Eiber, JJ., concur.