■ ELEANOR WEINSTEIN, Appellant, v MYRON N. WEINSTEIN, Respondent. — In an action, *inter alia,* to set aside a separation agreement and modify a judgment of divorce, plaintiff wife appeals from a judgment of the Supreme Court, Nassau County (Berman, J.), dated March 28, 1984, which, upon defendant husband's motion for summary judgment, dismissed the complaint.

Judgment affirmed, with costs.

Plaintiff's allegations that she was under emotional stress during the period of time that the subject separation agreement was being negotiated and that she "was unaware of her rights and remedies and unable to make a free, intelligent and informed decision as to whether to enter into said * * * agreement" are insufficient under the circumstances of this case to state a cause of action. Here, as in *Beutel v Beutel* (55 NY2d 957, 958), during the period when the agreement was being negotiated, "plaintiff was represented by an attorney who undertook the actual negotiations. Implicitly, plaintiff's attorney also approved the terms of the agreement and there is no contrary showing". Plaintiff's allegations that she was unaware of her

rights and that she signed the agreement under duress are rebutted by the agreement's direct acknowledgments to the contrary. Nor can it be said that the agreement is unfair or unconscionable on its face. "The court will not rewrite an agreement of separation that is regular on its face, where each party was aided by counsel throughout the negotiations and there is no showing of overreaching, fraud or duress" (*Steers v Steers,* 69 AD2d 858; *Stoerchle v Stoerchle,* 101 AD2d 831; *Barry v Barry,* 100 AD2d 920, *affd* 64 NY2d 627). "Judicial review is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions" (*Christian v Christian,* 42 NY2d 63, 71-72). Defendant's motion for summary judgment was therefore properly granted. Additionally, insofar as her allegations of duress are concerned, plaintiff must be deemed to have ratified the agreement since she accepted the benefits thereunder for nearly two years (*Beutel v Beutel, supra; Sheindlin v Sheindlin,* 88 AD2d 930, *appeal dismissed* 57 NY2d 775). Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.