■ GRAZYNA DRAZAL, Respondent, v RICHARD L. DRAZAL, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Queens County (Glass, J.), dated March 4, 1985, which granted the plaintiff wife's motion to enjoin him from transferring certain assets identified in the plaintiff's motion papers, except in the ordinary course of business or personal affairs, without prior leave of the court.

Order affirmed, with costs.

The plaintiff and the defendant were married in December 1972 in New York County. Two children were born of this marriage. The parties resided in New York for several years following their marriage. At some point thereafter, the defendant, an engineer, accepted a position with ARAMCO Services Company in Saudi Arabia and the parties and their children moved to that country. In or about 1982, the parties' relation-

ship apparently became stormy and the plaintiff left Saudi Arabia with the two children and returned to New York.

On January 13, 1984, the parties executed a written separation agreement which provided, *inter alia,* for the issues of custody, maintenance and child support. The agreement also stated that the parties had "made a division settlement of their property to their mutual agreement and satisfaction".

The plaintiff subsequently instituted the instant action for divorce in October 1984. Simultaneously thereto, the plaintiff also commenced a separate action against the defendant seeking to set aside the parties' separation agreement on the basis that it was "unfair, unjust, inequitable, and unconscionable". The plaintiff alleged that she was in a highly nervous and hysterical state at the time the agreement was executed and that, as a result, she surrendered valuable property rights without frank disclosure on the part of the defendant. The plaintiff also joined her former attorneys, who represented her at the time the separation agreement was executed, as defendants in said action, claiming that they acted negligently in protecting her property interests.

In November 1984 the plaintiff moved by order to show cause in the instant action for an order preliminarily enjoining the defendant from disposing of or transferring any accounts maintained by him at Deak-Perrera International Banking Corp., ARAMCO Services Company and Arabian American Oil Company and their subsidiaries. In support of her motion, the plaintiff asserted that the assets sought to be restrained constituted major marital assets which were not disclosed at the time the parties executed their separation agreement. Moreover, the plaintiff stated that the defendant, who resides in Saudi Arabia and maintains no assets within the State of New York, had threatened to secrete or dispose of the assets sought to be restrained if she commenced a divorce action.

In response to the plaintiff's motion, the defendant asserted that since he had complied with his obligations under the parties' agreement which provided for the equitable distribution of the parties' marital property, the plaintiff has no legal or equitable ground to demand the instant injunctive relief.

Special Term granted the plaintiff's motion stating, "in order to maintain the financial status quo, as it existed at the time of the commencement of the action, defendant is restrained from disposing of, hypothecating or transferring the assets specified in plaintiff's moving papers, except in the

ordinary course of business or personal affairs, without prior leave of the court". We agree and accordingly affirm.

In a matrimonial action, Special Term, under the proper circumstances, has the authority to issue preliminary injunctions aimed at the preservation of the marital assets pending equitable distribution (see, Monroe v Monroe, 108 AD2d 793; Carella v Carella, 106 AD2d 601, 603; Leibowits v Leibowits, 93 AD2d 535; Domestic Relations Law § 234). This authority derives from a recognition that with the emergence of the equitable distribution law, the financial status quo of the parties, as it existed at the time of the commencement of the action, "should be maintained until and unless a court has had a proper and fair opportunity to appraise the evidence presented" (Froelich-Switzer v Switzer, 107 Misc 2d 814, 815). Admittedly, in the case at bar, the parties have already executed a separation agreement which purportedly provides for the equitable distribution of the property. Moreover, as a general rule, separation agreements which are regular on their face are binding on the parties unless and until they are set aside (see, Christian v Christian, 42 NY2d 63, 71; 2 Foster & Freed, Law and the Family, at 476). However, given the circumstances of this case, Special Term acted properly in issuing the preliminary injunction. The defendant resides in Saudi Arabia and maintains no assets within the State. Moreover, the defendant has allegedly threatened to secrete or dispose of the instant assets. These factors, coupled with the plaintiff's allegations of fraud and misrepresentation on the part of the defendant at the time the separation agreement was executed, indicate that the preliminary injunction was a proper exercise of discretion in order to preserve the financial status quo of the parties until a determination on the merits of the plaintiff's case can be made. Notably, the preliminary injunction order permits the disposal or transferring of the restrained assets by the defendant in the ordinary course of business or personal affairs. Thus, the defendant's access to said assets is not totally restricted. Mollen, P. J., Niehoff and Rubin, JJ., concur.

Kunzeman, J., dissents and votes to reverse the order appealed from and to deny the plaintiff's motion, with the following memorandum, with which Thompson, J., concurs. We agree with the majority that Domestic Relations Law § 234 authorizes the issuance of preliminary injunctions in order to maintain the financial status quo in matrimonial actions under proper circumstances. We are of the opinion, however, that in this particular case the facts do not warrant

the exercise of that authority. A preliminary injunction, issued pursuant to Domestic Relations Law § 234, has been found to be a "proper exercise of discretion" *(see, Leibowits v Leibowits,* 93 AD2d 535, 536). Implicit in such a finding is that an appropriate showing was made to warrant the issuance of the restraint. It follows that the routine issuance of such an order based on a mere request by a party should be avoided *(see,* Scheinkman, 1985 Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C234:5, p 33 [1986 Supp Pamph]). This is not to say that a movant must satisfy the requirements for preliminary injunctions under CPLR article 63, as the requisites under Domestic Relations Law § 234 are admittedly less stringent. However, something more than conclusory and unsubstantiated allegations must be set forth to provide a proper basis to support the issuance of a preliminary injunction restraining the transfer of assets in a marital dispute. Pendente lite restraints on property transfers should not be issued casually but only upon a showing that there is a definite and articulated danger of one spouse seeking to dispose of marital assets which would prejudice the other's claims under equitable distribution *(see, Steinberg v Steinberg,* 87 AD2d 782). In the instant case, the plaintiff has not submitted any evidentiary support for her allegations that the defendant intended to or was, in fact, disposing of or secreting assets held by him.

It is particularly important to note that the parties herein executed a separation agreement on January 13, 1984, which effectively distributed their assets and delineated their rights with specific reference to their awareness of the equitable distribution statute. While the plaintiff is seeking to set aside the separation agreement, as yet there has been no judicial determination rendering it invalid. It has been well settled that " '[g]enerally, separation agreements which are regular on their face are binding on the parties, unless and until they are put aside * * * Judicial review is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions' *(Christian v Christian,* 42 NY2d 63, 71-72). 'So long as a separation agreement stands unimpeached, the court cannot alter or change a provision for separate maintenance and support of the wife without the consent of both parties' *(Leffler v Leffler,* 50 AD2d 93, 95, affd 40 NY2d 1036)" *(Surlak v Surlak,* 95 AD2d 371, 380). Indeed, given the present posture of this case, the plaintiff is not even entitled to disclosure as to the

defendant's financial status or situation. In *Potvin v Potvin* (92 AD2d 562, 563), it was stated that disclosure as to the plaintiff husband's present financial condition was premature as such was "not relevant to the defendant's claim, *inter alia,* that she was deceived regarding the true extent of her husband's income at the time that the separation agreement was entered into and will not become an issue unless and until the separation agreement or its support provisions have been vacated or set aside on the grounds of fraud, duress or overreaching, etc. (see *Milts v Milts,* 87 AD2d 779; *Picotte v Picotte,* 82 AD2d 983, 984, app dsmd 55 NY2d 748, mot for lv to appeal dsmd 55 NY2d 847; *Gleeson v Gleeson,* 69 AD2d 964, mot for lv to app dsmd 47 NY2d 951)."

In her attack upon the validity of the separation agreement, the plaintiff claims to have been in a highly nervous, ill, unstrung and hysterical condition at the time of the execution of that agreement and that the defendant failed to disclose his true income and assets. The plaintiff's unparticularized references to her physical and mental condition are mere words of art which should not, by themselves, be held sufficient to warrant interference with rights to property established under a presumably valid separation agreement. This is especially so since, at the time of the agreement's execution, the plaintiff was represented by her own independent counsel who implicitly approved the terms thereof *(see, Beutel v Beutel,* 55 NY2d 957). Indeed, it was acknowledged in the agreement that each party had made an "independent inquiry into the other's financial status, and is fully familiar with all relevant factors to be taken into consideration in the entering of this Agreement". Further, it is undisputed that, over a period of time, the plaintiff has accepted benefits under the agreement including title to the marital residence, support payments, and payment of a lump-sum settlement of $5,000 *(see, Barry v Barry,* 100 AD2d 920, *affd* 64 NY2d 627). On the one hand, the plaintiff is seeking to restrain the sale or exchange of assets of the defendant upon the ground that their agreement is invalid, while, on the other hand, she apparently expects to retain assets and benefits already conveyed to her under the same agreement. As a final note, the contested assets are subject to corporate record keeping and, in the event that the separation agreement is set aside, such records would be subject to discovery to determine their value for the purpose of a distributive award, if any. Therefore, maintenance of the status quo is even less of a necessity in this case.

In conclusion, we are of the opinion that the restraints

permitted under Domestic Relations Law § 234 should be sparingly issued upon a showing of good cause based on more than mere conclusory allegations. This is especially so where a seemingly valid separation agreement has been executed and the parties' property disposed of thereunder pursuant to the Equitable Distribution Law. Therefore, we dissent and vote to reverse.