■ DORIS CAROSELLA, Appellant, v VINCENT CAROSELLA, Respondent.—In an action to rescind an amended stipulation of settlement on the grounds of failure of consideration, fraud and duress, the plaintiff appeals from an order of the Supreme Court, Nassau County (Balletta, J.), entered December 13, 1985, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Prior to their divorce in July 1979, the parties to this action entered into a stipulation of settlement on June 22, 1979, which was incorporated into and survived the judgment of divorce. Pursuant to the agreement, the plaintiff received full title to the marital residence. Additionally, the defendant was to pay to the plaintiff $1,000 per month support for the three children of the marriage and approximately $2,000 per month for her maintenance. The maintenance payments were to continue until the time of the plaintiff's death or her remarriage.

On December 4, 1981, the parties entered into an agreement

which amended certain provisions of the June 22, 1979 stipulation of settlement. According to the defendant, this amended agreement was necessary because his business had begun to fail and he was experiencing acute financial difficulties. As a result, substantial arrears had accumulated under the original stipulation.

Upon execution of the amended agreement, the defendant paid to the wife the sum of $25,000. Thereafter the plaintiff was to receive $100 per week support for each of the two children then in her custody and $320 per week for her maintenance for a period of five years, to terminate on December 4, 1986. In addition, the defendant was required to pay for a period of three years, a maximum of $2,000 per year for the plaintiff's educational expenses. As security for payments under the amended agreement, the defendant's present wife executed a mortgage in the amount of $125,000 in favor of the plaintiff. The amended agreement recited that each party had consulted with and was represented by independent counsel, and that each had entered into the agreement "freely and with a full understanding of their respective positions".

Although the plaintiff contends that she was induced to execute the amended agreement under circumstances constituting economic duress, the plaintiff herself acknowledged that before its execution, the agreement was read in her presence, that certain charges were made at her request, that she initialled each change and each correction, that she understood the agreement, and that, at all relevant times, she was represented by an attorney of her choosing who was present at the time of execution. These circumstances do not constitute duress (see, Beutel v Beutel, 55 NY2d 957; Barry v Barry, 100 AD2d 920, affd 64 NY2d 627; Russell v Russell, 90 AD2d 516, lv denied 58 NY2d 605). The plaintiff's claim that she signed the agreement under duress is further rebutted by the agreement's direct acknowledgments to the contrary (see, Weinstein v Weinstein, 109 AD2d 881). Moreover, her conclusory allegations that the defendant fraudulently procured the amended agreement by misrepresenting to her the status of his business are insufficient to defeat the motion for summary judgment.

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Niehoff, Weinstein and Rubin, JJ., concur.