OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Alleging fraud and duress, plaintiff sought to invalidate the separation agreement between herself and her former husband, which had been incorporated but not merged in a bilateral Dominican Republic judgment of divorce. Specifically, she alleged that her former husband had understated the value of his partnership interest in a large investment firm, had failed to disclose an impending restructuring of the firm that would have increased the value of his interest and had threatened a custody fight when plaintiff failed to accede to his economic demands. Plaintiff did not, however, challenge the jurisdiction of the Dominican Republic court or dispute the validity of the divorce judgment itself. Finding no basis for departing from the general rule governing New York’s willingness to accord comity to foreign judgments, the trial court held that the prior Dominican Republic divorce judgment precluded further litigation concerning the validity of the incorporated separation agreement (see, Greschler v Greschler, 51 NY2d 368). Accordingly, the court dismissed the complaint in a judgment which the Appellate Division affirmed.
Even assuming that the allegations of fraud and duress in plaintiff’s complaint are technically sufficient to support a claim of rescission, those allegations do not rise to the level of gross inequity that might implicate New York’s public policy. Thus, there is no basis here for a contention that recognition of the Dominican Republic divorce judgment — or of the incorporated separation agreement — would "do violence to some strong public policy of this State” (Greschler v Greschler, *918 supra, at 376). We note that plaintiff was represented by independent counsel of her own choosing at the time she signed the separation agreement and that the agreement, while favorable to her former husband, is neither facially irregular nor unconscionable as that term has been defined in the case law (see, Levine v Levine, 56 NY2d 42, 48; Christian v Christian, 42 NY2d 63, 71-73). Under these circumstances, there was no error in the dismissal of plaintiff’s complaint.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur; Chief Judge Wachtler taking no part.
Order affirmed, with costs, in a memorandum.