■ ARETI GOLFINOPOULOS, Respondent, v TRIANTAFILOS GOLFINOPOULOS, Appellant.—In a matrimonial action in which the parties were divorced by a judgment entered April 22, 1986, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Bianchi, J.), dated March 7, 1988, as, after a hearing, granted the plaintiff wife's motion which was to vacate the financial provisions of the judgment of divorce.

Ordered that the order is reversed insofar as appealed from, on the facts, with costs, and the plaintiff's motion to vacate the judgment is denied in its entirety.

The plaintiff Areti Golfinopoulos and the defendant Triantafilos Golfinopoulos were married in Greece in 1956. On Febru-

ary 28, 1986, the parties, each represented by counsel, entered into a stipulation of settlement in open court. This stipulation was incorporated into the judgment of divorce.

It is well settled that relief from a stipulation of settlement will only be granted upon a showing of good cause sufficient to invalidate a contract *(see, Daniels v Banks,* 136 AD2d 675; *Sontag v Sontag,* 114 AD2d 892, *lv dismissed* 66 NY2d 554). Moreover, "[s]tipulations of settlement are favored by the courts and will not [lightly be cast] aside" *(Matter of Galasso,* 35 NY2d 319, 321). This is all the more so in the case of "open court" stipulations *(Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 10; *Sontag v Sontag, supra,* at 893). In the case at bar, the plaintiff has failed to meet her burden.

Initially we observe that the hearing court erred by placing the burden on the defendant to uphold the validity of the stipulation.

At the time the stipulation was made, the plaintiff was represented by counsel of her choosing. The record establishes that the plaintiff was advised of her options in lieu of settlement and knowingly and voluntarily entered into the stipulation. Indeed, the parties with their counsel engaged in negotiations between themselves and in consultation with the court for over two hours prior to the time the stipulation was placed on the record. The record is replete with instances wherein the plaintiff acknowledged that she understood the stipulation and was satisfied with it.

The plaintiff's contention that the stipulation is unconscionable is without merit. She received substantial cash as well as a valuable, income-producing piece of property on which the defendant paid off a $15,000 mortgage. While the defendant kept property which was substantially more valuable, courts will not set aside an agreement on the ground of unconscionability simply because it might have been improvident *(see, McFarland v McFarland,* 70 NY2d 916; *Christian v Christian,* 42 NY2d 63, 71-72; *cf., Yuda v Yuda,* 143 AD2d 657).

Another factor which supports our determination is the fact that the plaintiff ratified the stipulation by accepting the benefits thereof before moving to vacate it *(see, Beutel v Beutel,* 55 NY2d 957; *Weinstein v Weinstein,* 109 AD2d 881). Mollen, P. J., Thompson, Brown and Eiber, JJ., concur.