■ LORENZO CANTAMESSA, Appellant, v JO A. CANTAMESSA, Respondent.—Mercure, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Sweeny, Jr., J.), entered September 6, 1989 in Putnam County, which, inter alia, granted defendant's motion to vacate a judgment of divorce, and (2) from an order of said court, entered November 29, 1989 in Putnam County, which granted defendant's motion for resettlement.

Plaintiff and defendant were married in 1976. Plaintiff commenced an action for divorce in July 1984. On January 11, 1989, the parties and their attorneys appeared for trial in Supreme Court and, following numerous and lengthy discussions, entered into a stipulation of settlement in open court, thereafter incorporated into a judgment of divorce. The stipulation provided, inter alia, that plaintiff was to retain title to the parties' marital residence and his interest in the Top Job

Sanitation Company; defendant was to receive a lump-sum payment of $106,000 and was to retain her pension and certain items of personalty. The parties waived their rights to maintenance. After placing the foregoing terms on the record, Supreme Court questioned defendant, who stated that she understood the terms, that she had been provided with enough time to discuss the settlement with her attorney, and that she was satisfied with both the agreement and her attorney's representation. Subsequently, defendant moved to set aside the stipulation and the judgment of divorce upon the grounds that the terms of the stipulation were inequitable and unconscionable and that she was coerced by comments made by the Trial Judge. The motion was granted. This appeal by plaintiff ensued.

The courts of this State favor stipulations of settlement and will not lightly cast them aside, especially where, as here, they are made in open court *(see, Bossom v Bossom,* 141 AD2d 794, 795), by parties who are represented by counsel, and after engaging in negotiations between themselves and in consultation with the court for several hours prior to the time the terms are placed on the record *(see, Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538, *lv dismissed* 74 NY2d 793). As the Court of Appeals stated in *Christian v Christian* (42 NY2d 63, 71), "[j]udicial review is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences". Nonetheless, due to the existence of a fiduciary relationship between husband and wife, stipulations of settlement should be closely scrutinized *(see, Paruch v Paruch,* 140 AD2d 418, 420) and will be set aside upon the demonstration of good cause, such as mistake, fraud, duress or overreaching *(see, Perl v Perl,* 126 AD2d 91, 95; *Grunfeld v Grunfeld,* 123 AD2d 64), or when found to be unconscionable *(see, Christian v Christian, supra,* at 71; *Grunfeld v Grunfeld, supra,* at 68).

Based upon our review of the record, we conclude that defendant's assertions constitute an insufficient basis on which to vacate the stipulation of settlement. While the parties were encouraged to accept the stipulation, the record does not demonstrate that the Trial Judge exerted undue pressure or engaged in coercive measures *(see, Anderson v Anderson,* 90 AD2d 763; *cf., Schunk v Schunk,* 84 AD2d 904, 905). Defendant's allegations are belied by the plain language of the court's inquiry and the fact that defendant was not "pressured" into settling the matter over the previous 4½ years it was in litigation. Furthermore, defendant's claimed emotional

stress and unsettled mental state are not persuasive grounds for setting aside a stipulation which was the result of extensive negotiations between the parties and freely entered into the record *(see, Zioncheck v Zioncheck,* 99 AD2d 563).

Defendant's contention that the stipulation is unconscionable is similarly meritless. Given the conflict surrounding the value of plaintiff's interest in the Top Job Sanitation Company and, concomitantly, defendant's equitable distribution rights thereto, the agreement can hardly be viewed as one which no rational person would make and no fair and honest person would accept. Defendant received substantial cash as well as her pension, along with several valuable items of furniture and furnishings. Although plaintiff retained property which was substantially more valuable, "courts will not set aside an agreement on the ground of unconscionability simply because it might have been improvident" *(Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538, *supra; see, McFarland v McFarland,* 70 NY2d 916; *Christian v Christian, supra,* at 71-72; *cf., Yuda v Yuda,* 143 AD2d 657).

Accordingly, it is our view that Supreme Court abused its discretion in setting aside the stipulation of settlement. Further, under the circumstances, defendant has not raised a sufficiently strong claim of overreaching or unconscionability to warrant a hearing *(cf., Perlmutter v Perlmutter,* 65 AD2d 601, 601-602; *Pennise v Pennise,* 120 Misc 2d 782, 788).

Orders reversed, on the law and the facts, with costs, and motions denied. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.