■ Jocelyn Gaton, Respondent, v Leroy Gaton, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated July 6, 1988, which was consolidated with a plenary action to set aside the stipulation of settlement upon which the divorce judgment was based, the defendant husband appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered August 30, 1989, which granted the plaintiff wife's motion for summary judgment dismissing his cause of action to set aside the stipulation of settlement and judgment of divorce.

Ordered that the order is affirmed, with costs.

The defendant's allegations that he was under emotional stress during the negotiation and execution of the stipulation of settlement are insufficient under the circumstances of this case to sustain his claim that the stipulation should be set aside. The defendant was at all times represented by counsel of his choosing who undertook the negotiations and prepared the ultimate agreement. Moreover, immediately before undergoing a voir dire by the court wherein the defendant stated that he understood the terms of the stipulation and had consulted with his attorney regarding them, he initialed each page of the agreement as well as every change thereto. These circumstances negate the defendant's claim of duress *(cf., Beutel v Beutel,* 55 NY2d 957; *Carosella v Carosella,* 129 AD2d 547).* The defendant's claim that he signed the agreement while under duress is further rebutted by his acknowledgments to the contrary in the agreement itself *(see, Carosella v Carosella, supra; Weinstein v Weinstein,* 109 AD2d 881).

Moreover, the defendant's contention that the stipulation is unconscionable is without merit. He received substantial cash and his vested pension benefits. While the plaintiff may have kept property which was substantially more valuable, "courts will not set aside an agreement on the ground of unconscionability simply because it might have been improvident" *(Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538; *see, Christian v Christian,* 42 NY2d 63, 71-72).

Another factor which supports our determination is the fact that the defendant ratified the stipulation by accepting certain benefits thereof before moving to vacate it *(see, Golfinopoulos v Golfinopoulos, supra; Beutel v Beutel, supra).* Brown, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.