■ JULIAN MIDDLETON, Respondent, v MARGARET MIDDLETON, Appellant.—In a matrimonial action in which the parties were divorced by a judgment entered November 12, 1987, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Marrocco, J.H.O.), entered November 6, 1989, as denied her motion to vacate and set aside the financial portion of a stipulation of settlement entered into between the parties on April 28, 1987.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Initially, we note that the wife failed to establish a reasonable explanation for her failure to raise the claim that the stipulation was unconscionable on her prior motions to set aside the stipulation, so she is barred from raising that claim now. Moreover, her claim that the motion was one for renewal, because it was based upon newly discovered information regarding the value of her husband's pension, is unpersuasive. The wife was aware of the pension and could have previously ascertained its value.

In any event, the wife's contention that the stipulation is unconscionable is meritless. It is well established that a stipulation of settlement will not lightly be set aside, especially where, as here, it is made in open court by parties represented by counsel, after engaging in negotiations between themselves and in consultation with the court prior to the time the terms are placed on the record *(see, Cantamessa v*

*Cantamessa,* 170 AD2d 792; *Golfinopoulos v Golfinopoulos,* 144 AD2d 537; *Bossom v Bossom,* 141 AD2d 794, 795). Indeed, "[j]udicial review is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences" *(Christian v Christian,* 42 NY2d 63, 71).

The wife's decision to accept a lump sum of $10,000 in full settlement of any claim she might have had to an equitable distribution of the husband's pension cannot be viewed as one which no rational person would make and that no fair or honest person would accept *(see, Christian v Christian, supra).* Although the husband retained all of his pension, courts will not set aside an agreement on the ground of unconscionability simply because it may have been improvident *(see, Cantamessa v Cantamessa, supra; Golfinopoulos v Golfinopoulos, supra; see also, McFarland v McFarland,* 70 NY2d 916; *Christian v Christian, supra,* at 71-72). Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.