■ ELIZABETH MCCAUGHEY, Respondent, v THOMAS MCCAUGHEY, Appellant. [612 NYS2d 579] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about April 14, 1993, which, *inter alia,* struck defendant's affirmative defenses and counterclaims pertaining to plaintiff's second cause of action and granted plaintiff's motion for partial summary judgment on her second cause of action, unanimously affirmed, without costs.

Plaintiff and defendant were married in 1972 and had three daughters. In 1990, they separated and in 1991, negotiated and executed, with the aid of independent counsel, a separation agreement. Two years later, plaintiff brought this action for divorce and for maintenance, child support, and tuition arrears, further alleging that defendant had defaulted under the agreement. After joinder of issue, plaintiff moved for partial summary judgment on the cause of action for arrears. Defendant opposed on the grounds, *inter alia,* that the separation agreement was the product of fraud, overreaching, and that its terms were unconscionable.

The IAS Court properly granted plaintiff's motion. Defendant, a sophisticated investment banker, entered into the separation agreement after lengthy negotiations with the aid of counsel, and then defaulted thereunder *(Grubman v Grubman,* 191 AD2d 194, *lv denied* 82 NY2d 651). Moreover, defendant expressly represented in the settlement agreement that it was not the result of fraud or duress, was signed voluntarily, that it constituted the entire understanding of the parties, and, that there were no promises other than those expressly set forth in the agreement. Defendant, upon whom it was incumbent to show by evidentiary facts that his defenses were real in order to defeat summary judgment *(Zuckerman v City of New York,* 49 NY2d 557), failed to do so, setting forth conclusory allegations that he signed the agreement because he was induced by plaintiff's promises of reconciliation and threats regarding visitation. The assertions of defendant's attorney were similarly lacking in evidentiary value.

The agreement was not unfair. It is the policy of courts to encourage parties to settle their differences privately *(Martin v Martin,* 74 AD2d 419, 423). Generally, separation agreements regular on their face are binding on the parties *(Christian v Christian,* 42 NY2d 63, 71). An agreement will only be deemed unconscionable, and thereby set aside, if the inequality is " ' "so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense" ' " *(supra,* at 71, quoting *Mandel v Liebman,* 303 NY 88, 94). Here, defendant received substantial benefits from the agreement, including a Connecticut house, full rights to his pension, retention of a $1.5 million payout from his firm, and plaintiff's waiver of her right to disclosure of defendant's financial assets. Furthermore, contrary to defendant's claim, since he was aware of the possibility that he might be unemployed the year after he made the agreement, it cannot be said that the conditions to which he agreed were unfair. In any event, the initial payout is reduced in ensuing years, and notably, as per the agreement, the maintenance obligation may be reduced, commencing in 1994, depending on defendant's income. Lastly, defendant expressly represented in the agreement that it was a fair and reasonable one and by accepting the Connecticut house as part of the bargain, he ratified the agreement *(see, Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538, *lv dismissed* 74 NY2d 793). "[C]ourts will not set aside an agreement on the ground of unconscionability simply because it may have been improvident." *(Middleton v Middleton,* 174 AD2d 655, 656.) Here, it cannot be said that the agreement was one that " ' "no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" ' " *(Christian v Christian, supra,* at 71, quoting *Hume v United States,* 132 US 406, 411). Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.