■ SARAH K. MORRIS, Appellant, v JOSEPH KAVAKY, Respondent. [620 NYS2d 423] —In an action, *inter alia,* to rescind a separation agreement, the wife appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), dated October 6, 1993, which, upon granting the husband's motion for summary judgment dismissing the complaint and upon denying her cross motion, *inter alia,* for summary judgment, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The wife's allegations of coercion and duress are not suffi-

ciently specific or detailed to warrant rescission of the parties' separation agreement *(see generally, Christian v Christian,* 42 NY2d 63; *Tirrito v Tirrito,* 191 AD2d 686; *Torsiello v Torsiello,* 188 AD2d 523). Moreover, simultaneous with the execution of the separation agreement, the wife signed a letter, drafted by her attorney, stating that she understood her rights, that she was leaving her marriage "as [she] came into it, with nothing," that she had "no interest in anything that [her] husband and [she had] worked for all these years," and that she was doing so "for [her] own personal reasons." These circumstances negate the wife's claim of duress *(see, Gaton v Gaton,* 170 AD2d 576).

The wife contends that the separation agreement is unconscionable. While the agreement may have been improvidently entered into, under the circumstances of this case, we do not find that it rises to the level of unconscionability to warrant rescission *(see, Wilutis v Wilutis,* 184 AD2d 639; *Gaton v Gaton, supra).* Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.