■ DIANE MAIER, Appellant, v HOWARD MAIER et al., Respondents. [633 NYS2d 165] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered November 23, 1994, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff and defendant signed an agreement settling their matrimonial action, after financial issues were fully explored during discovery, and each party was advised by experienced counsel and business valuation experts. The agreement acknowledged that full financial disclosure had taken place, that there had been full investigation of assets by attorneys and financial experts through "extensive financial documentation" and examination before trial, that each party waived further disclosure, and that the agreement was intended as "a full, final and irrevocable settlement".

Plaintiff did not submit evidence in admissible form sufficient to defeat defendant's motion for summary judgment. It is clear that the terms of the settlement agreement were reached on the basis of the valuation of a business asset as of September 1992, when the matrimonial action was commenced (*see, Greenwald v Greenwald*, 164 AD2d 706, 716, *lv denied* 78 NY2d 855), and not December 1993, when the agreement was signed. In light of the acknowledgements in the agreement respecting full disclosure and the aid of counsel and experts, and the circumstance that representations of estimated valuation of the business by defendant were made in the course of adversarial proceedings, there could not have been any reasonable reliance by plaintiff on the business evaluation presented by defendant, and thus there was no fraud (*see, Lazich v Vittoria & Parker*, 189 AD2d 753, *appeal dismissed* 81 NY2d 1006). For the same reasons, there was no issue of fact as to breach of fiduciary duty or overreaching. The agreement was fair to both parties, and certainly was not so one-sided as to shock the conscience. Therefore, it may not be set aside as unconscionable (*see, McCaughey v McCaughey*, 205 AD2d 330). Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.