■ ANTHONY PALAZOLO, Appellant, v VALERIE PALAZOLO, Respondent, et al., Defendant. [665 NYS2d 549] —In an action to set aside a stipulation of settlement, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated September 11, 1996, as granted the respondent summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff husband and the defendant wife were divorced in 1990. A stipulation of settlement between the parties entered into on the record in open court was incorporated into the judgment of divorce. Almost six years later, the husband commenced this action to set aside the stipulation on the grounds, *inter alia*, that, due to his emotional and mental state, the stipulation was unfair and was the product, among other things, of duress and coercion. After issue was joined, the wife moved for dismissal of the complaint on the ground, *inter alia*, that the complaint failed to state a cause of action. The Supreme Court, treating the motion of the wife as one for summary judgment, held that the husband had failed to raise a triable issue of fact as to whether the stipulation should be set aside. Accordingly, the court, among other things, granted the wife summary judgment dismissing the complaint insofar as asserted against her. We affirm.

In light of the extensive and factually-detailed submissions by both the husband and the wife, the Supreme Court did not err in holding that the parties had charted a summary judgment course and in treating the motion of the wife for dismissal of the complaint as one for summary judgment (*see, O'Dette v Guzzardi,* 204 AD2d 291; *Four Seasons Hotels v Vinnik,* 127 AD2d 310). Further, we agree that the husband failed to raise a triable issue of fact as to any of his alleged grounds for setting aside the stipulation (*see, Beutel v Beutel,* 55 NY2d 957; *Christian v Christian,* 42 NY2d 63; *Gaton v Gaton,* 170 AD2d 576; *Golfinopoulos v Golfinopoulos,* 144 AD2d 537; *Harrington v Harrington,* 103 AD2d 356). Thus, the complaint was properly dismissed. Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.