■ DANIEL KAZIMIERSKI, Appellant, v PEGGY WEISS, Respondent. [675 NYS2d 124] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order and judgment of divorce (one paper) of the Supreme Court, Westchester County (Shapiro, J.), dated July 18, 1997, as, in effect, denied his motion to set aside a stipulation of settlement which was incorporated into, but not merged in the judgment.

Ordered that the order and judgment of divorce is affirmed insofar as appealed from, with costs.

The appellant's motion to set aside the stipulation of settlement was properly denied. Relief from a stipulation of settlement will only be granted upon showing of good cause sufficient to invalidate a contract (*see, Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538; *Daniels v Banks,* 136 AD2d 675). The appellant, an art teacher, initialed each page of the stipulation, as well as every change thereto. The appellant was also represented at all relevant times by an attorney of his own choosing. These circumstances did not constitute fraud, duress, or mistake (*see, Beutel v Beutel,* 55 NY2d 957; *Gaton v Gaton,* 170 AD2d 576; *Carosella v Carosella,* 129 AD2d 547). The appellant's claim that he signed the agreement while under duress is further rebutted by his acknowledgments to the contrary in the agreement itself (*see, Carosella v Carosella, supra,* at 548; *Weinstein v Weinstein,* 109 AD2d 881).

The contention that the stipulation is unconscionable is also without merit. While the agreement may have placed substantial child support obligations on the appellant, "courts will not set aside an agreement on the ground of unconscionability simply because it might have been improvident" (*Golfinopoulos v Golfinopoulos, supra,* at 538; *see also, McFarland v McFar-*

*land,* 70 NY2d 916; *Christian v Christian,* 42 NY2d 63; *Gaton v Gaton, supra,* at 577).

The appellant's remaining contentions are without merit. Ritter, J. P., Santucci, Joy and Florio, JJ., concur.