■ KATHLEEN CAPPELLO, Respondent, v EUGENE CAPPELLO, Appellant. [712 NYS2d 42] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 26, 1999, as, upon an order of the same court entered July 8, 1999, denying his motion to vacate a stipulation of settlement dated January 26, 1999, incorporated the terms of that stipulation.

Ordered that the defendant's notice of appeal from the order entered July 8, 1999, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant's motion to set aside the stipulation of settlement was properly denied. Relief from a stipulation of settlement will only be granted upon a showing of good cause sufficient to invalidate a contract (*see, Kazimierski v Weiss,* 252 AD2d 481; *Furey v Furey,* 230 AD2d 708; *Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538). "This is all the more so in the case of 'open court' stipulations * * * where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (*Hallock v State of New York,* 64 NY2d 224, 230; *see, Daniel v Daniel,* 224 AD2d 573).

The defendant was represented at all relevant times by an attorney of his own choosing. In response to questions from the court and his own attorney, he indicated that he understood the terms of the stipulation of settlement and that he was entering into the stipulation freely and voluntarily and after receiving advice from his attorney. As a result, the defendant failed to establish that he entered into the stipulation due to duress or coercion.

The defendant's contention that the stipulation is unconscionable is also without merit. While the agreement placed

substantial child support obligations on the defendant, " 'courts will not set aside an agreement on the ground of unconscionability simply because it might have been improvident' " (*Kazimierski v Weiss, supra,* at 481; *Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538, *supra; see also, Hardenburgh v Hardenburgh,* 158 AD2d 585).

The defendant's remaining contentions are without merit. Joy, J. P., S. Miller, Luciano and Smith, JJ., concur.