■ DEBRA WEISSMAN, Appellant, v RONALD WEISSMAN, Respondent. [839 NYS2d 798]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Giacomo, J.), entered October 18, 2005, which denied that branch of her motion which was to recuse a special referee from hearing and determining the action, and referred to that special referee to hear and determine those branches of her motion which were to enjoin the defendant from commencing an action or moving to convert a stipulation dated May 25, 2004 into a judgment, to vacate the stipulation, to reinstate a stay contained in an order dated January 31, 2005, and for the award of an attorney's fee, and the defendant's cross motion for the imposition of a sanction and for the award of an attorney's fee, (2) from a judgment of the same court (Montagnino, S.R.), dated November 28, 2005, which, after a nonjury trial, and upon the stipulation dated May 25, 2004, an order of the same court dated November 23, 2005, inter alia, denying that branch of the plaintiff's cross motion which was to set aside the stipulation, and a decision of the same court dated November 28, 2005, granted the defendant a divorce pursuant to Domestic Relations Law § 170 (6) and (3), as limited by her brief, from so much of an order of the same court (Giacomo, J.) dated March 3, 2006, as, upon reargument, adhered to its determination in the order

entered October 18, 2005, denying her motion to recuse the special referee.

Ordered that the appeal from the order entered October 18, 2005 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated March 3, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeals from the intermediate order entered October 18, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On May 25, 2004 the parties, while represented by counsel, entered into a stipulation of settlement in open court resolving, inter alia, issues of equitable distribution and spousal maintenance. Approximately one year later, the defendant moved to enter a judgment of divorce incorporating by reference the terms of the stipulation of settlement. The plaintiff opposed such relief and cross-moved, inter alia, to set aside the stipulation. The plaintiff argued, inter alia, that the stipulation of settlement was in fact a mere "outline" of an agreement and, therefore, unenforceable and insufficient to provide a basis for the grant of a judgment of divorce or ancillary relief. In any event, she asserted that the stipulation of settlement was void ab initio because she lacked the mental capacity to understand and agree to its terms. Further, she argued that the stipulation of settlement should be set aside as unfair, unconscionable, and the product of overreaching. The Supreme Court denied the plaintiff's cross motion and granted the defendant a judgment of divorce incorporating by reference the terms of the parties' stipulation of settlement. We affirm.

There is no merit to the plaintiff's contention that the stipulation of settlement was a mere outline of an agreement and, therefore, unenforceable. Rather, although the terms of the stipulation of settlement provided the parties 90 days within which to enter into a superseding written agreement, the parties expressly agreed that, in the absence of such an agreement, the terms of the stipulation of settlement would become binding, and judgment could be entered thereon. The parties never entered into a superseding written agreement.

A stipulation of settlement entered into in open court is

judicially favored and will not be set aside absent a showing of cause sufficient to invalidate a contract, such as fraud or collusion (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *DeGregorio v Bender*, 4 AD3d 385 [2004]; *Barna v Barna*, 279 AD2d 441 [2001]). The plaintiff failed to demonstrate such cause. Further, the plaintiff failed to carry her burden of demonstrating that she lacked the mental capacity to understand and agree to the terms of the stipulation of settlement (*see Ortelere v Teachers' Retirement Bd. of City of N.Y.*, 25 NY2d 196 [1969]; *Crawn v Sayah*, 31 AD3d 367 [2006]; *Mohrmann v Lynch-Mohrmann*, 24 AD3d 735 [2005]; *Lukaszuk v Lukaszuk*, 304 AD2d 625 [2003]). Finally, the plaintiff ratified the terms of the stipulation by accepting the benefits thereunder for more than a year (*see Beutel v Beutel*, 55 NY2d 957, 958 [1982]; *Brennan v Brennan*, 305 AD2d 524, 525 [2003]; *Golfinopoulos v Golfinopoulos*, 144 AD2d 537, 538 [1988]; *Glaser v Glaser*, 127 AD2d 741, 741-742 [1987]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Crane, Ritter and Lifson, JJ., concur.