■ GARY COSH, Respondent, v DIANE COSH, Appellant. [847 NYS2d 136]—

In an action for a divorce and ancillary relief, the defendant appeals (1) from an order of the Supreme Court, Orange County (Rosenwasser, J.), dated April 28, 2006, which, after a hearing, denied that branch of her motion which was to set aside the

parties' separation agreement, (2) from the findings of fact and conclusions of law of the same court dated April 28, 2006, and (3), as limited by her brief, from so much of a judgment of divorce of the same court, also dated April 28, 2006, as incorporated the separation agreement.

Ordered that the appeal from the intermediate order is dismissed; and it is further,

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, as findings of fact and conclusions of law are not separately appealable (*see Thoma v Thoma,* 21 AD3d 1080 [2005]; *Matter of County of Westchester v O'Neill,* 191 AD2d 556 [1993]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the immediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On October 4, 2002, after approximately 25 years of marriage, the parties executed a separation agreement. Approximately one year later, at the behest of the defendant, they modified the agreement. In December 2004 the plaintiff commenced this action for a divorce and ancillary relief against the defendant on the basis that the parties had been living separate and apart pursuant to the separation agreement for more than one year. On or about October 7, 2005, the defendant, alleging that she had been a victim of domestic violence, moved, inter alia, to set aside the separation agreement on the grounds that it was unconscionable and the product of fraud, duress, and overreaching.

A separation agreement which is fair on its face will not be set aside absent fraud, duress, overreaching, or unconscionability (*see Christian v Christian,* 42 NY2d 63, 73 [1977]; *Cantilli v Cantilli,* 40 AD3d 1023 [2007]). An unconscionable bargain is regarded as one "such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" (*Christian v Christian,* 42 NY2d at 71 [internal quotation marks omitted]). Here, the defendant was represented by independent counsel at all relevant times and received meaningful and bargained-for benefits under the agreement (*see Morad v Morad,* 27 AD3d

626, 627 [2006]). Although the plaintiff retained property which is apparently now substantially more valuable than it was at the time of the agreement, "courts will not set aside an agreement on the ground of unconscionability simply because it might have been improvident" (*Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538 [1988]; *see McFarland v McFarland,* 70 NY2d 916, 918 [1987]; *Brennan-Duffy v Duffy,* 22 AD3d 699, 700 [2005]; *Kazimierski v Weiss,* 252 AD2d 481, 482 [1998]; *Warren v Rabinowitz,* 228 AD2d 492, 493 [1996]; *Middleton v Middleton,* 174 AD2d 655, 656 [1991]; *Gaton v Gaton,* 170 AD2d 576, 577 [1991]). Indeed, "[s]imply alleging an unequal division of assets will not be sufficient" to set aside a separation agreement on the basis of unconscionability (*Morand v Morand,* 2 AD3d 913, 915 [2003]).

The defendant also failed to demonstrate that the agreement, which was on its face fair, was the result of fraud or overreaching. The defendant was fully aware of the parties' assets and, contrary to the advice of her counsel, chose to forego an independent appraisal of their real property and the plaintiff's business interest. Under these circumstances, the defendant's claim that the plaintiff concealed or misstated the value of those assets lacks merit (*see e.g. Kojovic v Goldman,* 35 AD3d 65 [2006]; *Stoerchle v Stoerchle,* 101 AD2d 831 [1984]; *Martin v Martin,* 74 AD2d 419 [1980]).

Similarly, the defendant's unsubstantiated allegations of spousal abuse were insufficient to demonstrate that the agreement was procured by duress (*see Korngold v Korngold,* 26 AD3d 358 [2006]; *Warren v Rabinowitz,* 228 AD2d at 492-493). Moreover, the circumstances under which the agreement was executed negate the defendant's claim (*see Cappello v Cappello,* 274 AD2d 539 [2000]; *Carosella v Carosella,* 129 AD2d 547, 548 [1987]; *Weinstein v Weinstein,* 109 AD2d 881, 881-882 [1985]). Her claim that she signed the agreement while under duress is further rebutted by her acknowledgment to the contrary in the agreement itself (*see Kazimierski v Weiss,* 252 AD2d 481 [1998]; *Carosella v Carosella,* 129 AD2d 547, 548 [1987]; *Weinstein v Weinstein,* 109 AD2d 881, 881-882 [1985]).

Furthermore, by accepting the benefits under the separation agreement for a period of three years, the defendant ratified the agreement since "a party seeking to repudiate a contract procured by duress must act promptly lest he [or she] be deemed to have elected to affirm it" (*Stoerchle v Stoerchle,* 101 AD2d at 832; *see Beutel v Beutel,* 55 NY2d 957, 958 [1982]; *Weissman v Weissman,* 42 AD3d 448 [2007]; *Torsiello v Torsiello,* 188 AD2d 523, 524 [1992]; *Osborn v Osborn,* 144 AD2d 350, 351 [1988]).

Additionally, she has not demonstrated that the claimed abuse "continued through the three-year period during which the contract was effective and fully performed by the [plaintiff] or that her failure to promptly challenge the agreement was the result of continuing duress" (*Wasserman v Wasserman,* 217 AD2d 544, 544-545 [1995] [citation omitted]). Under these circumstances, that branch of the defendant's motion which was to set aside the separation agreement was properly denied.

The defendant's remaining contention is without merit. Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.