PIETRA SCHULTZ, Respondent, v LLOYD SCHULTZ, Appellant. [871 NYS2d 636]—

In an action, inter alia, for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated March 15, 2007, which denied his motion for summary judgment on his second affirmative defense seeking a declaration that the parties' postnuptial agreement is unconscionable and unenforceable, granted the plaintiff's cross motion for summary judgment declaring the postnuptial agreement valid, and granted that branch of the plaintiff's motion which was for an award of an attorney's fee to the extent of awarding her an attorney's fee in the sum of $1,500.

Ordered that the order is affirmed, with costs.

An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (see Christian v Christian, 42 NY2d 63, 73 [1977]; Cosh v Cosh, 45 AD3d 798, 799 [2007]; Brennan-Duffy v Duffy, 22 AD3d 699 [2005]). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Morad v Morad, 27 AD3d 626, 627 [2006]; see Christian v Christian, 42 NY2d at 71; Cosh v Cosh, 45 AD3d at 799). However, an agreement is not unconscionable "merely because, in retrospect, some of its provisions were improvident or one-sided" (O'Lear v O'Lear, 235 AD2d 466, 466 [1997]; see Brennan-Duffy v Duffy, 22 AD3d 699, 700 [2005]), and simply alleging an unequal division of assets is not sufficient to establish unconscionability (see Cosh v Cosh, 45 AD3d at 799; Morand v Morand, 2 AD3d 913, 915 [2003]).

The record demonstrates that the defendant was represented by independent counsel during negotiations involving the parties' postnuptial agreement, that he signed the agreement, and

that his counsel notarized it. Moreover, the agreement itself recites that the defendant entered into it "freely, voluntarily and with full knowledge of its consequences." Although the defendant received less than one half of the value of the marital assets because the agreement permitted the plaintiff to retain the marital residence, he was provided with meaningful bargained-for benefits, including the plaintiff's waiver of a viable lifetime maintenance claim (see *Cosh v Cosh,* 45 AD3d at 799; *Morad v Morad,* 27 AD3d 626, 627 [2006]; *Gaton v Gaton,* 170 AD2d 576 [1991]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment on his second affirmative defense seeking a declaration that the postnuptial agreement is unconscionable and unenforceable, and properly granted the plaintiff's cross motion for summary judgment declaring the agreement valid.

The court also properly exercised its discretion in granting that branch of the plaintiff's motion which was for an award of an attorney's fee to the extent of awarding her an attorney's fee in the sum of $1,500 (see Domestic Relations Law § 237 [a]; *Ciociano v Ciociano,* 54 AD3d 797 [2008]; *Levine v Levine,* 24 AD3d 625, 626 [2005]). While the plaintiff received a greater share of the parties' marital assets, she has no independent income and does not receive maintenance. Moreover, the plaintiff's motion was prompted by his failure to comply with an earlier court order.

The defendant's remaining contentions are without merit. Mastro, J.P., Florio, Eng and Chambers, JJ., concur.