In an action for divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Janowitz, J.), dated January 3, 2013, which granted the defendant’s motion to set aside the parties’ stipulation of partial settlement.
Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant’s motion in its entirety and substituting therefor a provision granting that branch of the motion which was to set aside the provision of the parties’ stipulation of partial settlement relating to child support, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the defendant’s child support obligation in accordance with the Child Support Standards Act.
In 2009, the plaintiff commenced the instant action for divorce and ancillary relief against the defendant. On August 21, 2012, the parties, while each was represented by counsel, entered into an oral stipulation of partial settlement on the record, resolving the issues, inter alia, of equitable distribution, maintenance, and child support. Thereafter, the defendant moved to vacate the stipulation of partial settlement on grounds of unconscionability and duress.
“A stipulation of settlement which is made in open court by *916 parties who are represented by counsel and who unequivocally agree to its terms will not be set aside absent a showing that the stipulation was tainted by mistake, fraud, duress, overreaching or unconscionability” (Libert v Libert, 78 AD3d 790, 791 [2010] [internal quotation marks omitted]; see Taormina v Taormina, 85 AD3d 766 [2011]; Pretterhofer v Pretterhofer, 37 AD3d 446 [2007]). As relevant here, a stipulation of settlement is unconscionable if it “is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense” (Morad v Morad, 27 AD3d 626, 627 [2006]; see Christian v Christian, 42 NY2d 63, 71 [1977]). However, a stipulation of settlement is not unconscionable “simply because it might have been improvident or one-sided” (Label v Label, 70 AD3d 898, 900 [2010] [internal quotation marks omitted]; see Etzion v Etzion, 62 AD3d 646, 653 [2009]; Cosh v Cosh, 45 AD3d 798, 800 [2007]; O’Lear v O’Lear, 235 AD2d 466 [1997]). The defendant here, as the party seeking to vacate the stipulation of partial settlement, had the burden of showing that its terms were unconscionable (see Campione v Alberti, 98 AD3d 706 [2012]; Cervera v Bressler, 85 AD3d 839, 841 [2011]).
Applying these principles to the matter at bar, the Supreme Court erred in vacating the parties’ stipulation of partial settlement in its entirety. The record demonstrates that the defendant was represented by independent counsel and received meaningful benefits under the agreement which included, inter alia, one half of the net proceeds from the sale of the marital residence and the plaintiff’s waiver of her claim for lifetime maintenance (see Lazar v Lazar, 88 AD3d 852 [2011]; Cioffi-Petrakis v Petrakis, 72 AD3d 868, 869 [2010]; Etzion v Etzion, 62 AD3d at 654; Schultz v Schultz, 58 AD3d 616, 617 [2009]). Contrary to the defendant’s contention, he failed to demonstrate, on this record, that the plaintiff had more income than she represented or that she did not make meaningful contributions which increased the value of the defendant’s separate property.
In addition, the defendant failed to establish that he entered into the stipulation of partial settlement due to duress or coercion based upon the plaintiff’s and her counsel’s purported threats to proceed to trial (see Lounsbury v Lounsbury, 300 AD2d 812, 815 [2002]; Lyons v Lyons, 289 AD2d 902, 904 [2001]; Cappello v Cappello, 274 AD2d 539 [2000]).
Accordingly, the Supreme Court improperly granted the de *917 fendant’s motion to vacate the entire stipulation of partial settlement.
However, the Supreme Court properly determined that the stipulation’s provision relating to child support was invalid because it failed to recite that the parties were advised of the relevant provisions of the Child Support Standards Act (hereinafter the CSSA), and that they were aware that the application of the CSSA guidelines would result in the calculation of the presumptively correct amount of support (see Domestic Relations Law § 240 [1-b] [h]; Lepore v Lepore, 276 AD2d 677, 678 [2000]). Moreover, it could not be determined from this record whether the child support award deviated from the CSSA guidelines because the stipulation failed to recite, inter alia, the parties’ incomes. Accordingly, the child support provision of the stipulation was not enforceable and was properly vacated by the Supreme Court. Mastro, J.R, Austin, Sgroi and Miller, JJ., concur.