■ Nina Barnes-Levitin, Appellant, v Samuel J. Levitin, Respondent. [16 NYS3d 460]—In an action to set aside a prenuptial agreement, the plaintiff appeals from an amended order of the Supreme Court, Suffolk County (Santorelli, J.), dated November 6, 2013, which, upon converting the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) into a motion for summary judgment dismissing the complaint, granted the motion.

Ordered that the amended order is affirmed, with costs.

The Supreme Court granted the defendant summary judgment dismissing the complaint on the ground that the action

was barred by the doctrine of judicial estoppel. We affirm, but on a different ground.

The defendant established that the parties' prenuptial agreement, which is fair on its face, was not the product of fraud, duress, overreaching, or unconscionability (see Anonymous v Anonymous, 123 AD3d 581, 583 [2014]; Herr v Herr, 97 AD3d 961, 962 [2012]; Rabinovich v Shevchenko, 93 AD3d 774 [2012]; Schultz v Schultz, 58 AD3d 616 [2009]). An agreement will not be overturned merely because, in retrospect, some of its provisions were improvident or one-sided (see Cioffi-Petrakis v Petrakis, 72 AD3d 868 [2010]; Schultz v Schultz, 58 AD3d at 616). The plaintiff was represented by counsel of her choosing during the negotiation of the agreement. Moreover, the agreement itself recites that the plaintiff had considered all of the facts and circumstances likely to influence her judgment, and that she entered into the agreement freely, voluntarily, and with full knowledge of its consequences. She was provided with meaningful bargained-for benefits (see Cioffi-Petrakis v Petrakis, 72 AD3d at 869). There is no evidence that the defendant attempted to conceal or misrepresent the nature or extent of his assets (see Strong v Dubin, 48 AD3d 232 [2008]; Panossian v Panossian, 172 AD2d 811 [1991]). Because the plaintiff entered into the agreement with the assistance and advice of her own attorney, she may not now complain that her interests were not adequately safeguarded (see Pulver v Pulver, 40 AD3d 1315, 1318 [2007]).

The plaintiff's remaining contention is without merit.

Since the defendant established, prima facie, that there was no basis to set aside the subject agreement, and the plaintiff failed to raise a triable issue of fact in opposition, the Supreme Court did not err in granting the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Austin, Miller and Maltese, JJ., concur.