■ MANUFACTURERS HANOVER TRUST COMPANY, Respon-

dent, v Louis D. Restivo et al., Defendants, and Angelo Moronese et al., Appellants, et al., Counterclaim Defendants. (And a Third-Party Action.)—Order, Supreme Court, New York County (Carmen Ciparick, J.), entered January 2, 1990, which, *inter alia,* granted the plaintiff's motion to dismiss the affirmative defenses and counterclaim interposed by the Moronese defendants, and directed that the second, third, fourth, fifth and ninth affirmative defenses of defendant Louis D. Restivo be addressed in a trial on damages, unanimously modified, on the law, to strike the aforesaid affirmative defenses of Louis D. Restivo, and to direct the trial court to conduct an inquest or assessment solely as to the amount of damages sustained by the plaintiff, and otherwise affirmed, without costs.

As here pertinent, the defendants Angelo, Ann, Agostino and Nicholas Moronese executed unconditional and continuing guarantees of payment of all existing and future indebtedness of Augie Restivo Baking Company, Ltd. to the plaintiff Manufacturers Hanover Trust Company (MHT). The Moroneses' claims that an MHT representative fraudulently represented that their guarantees were temporary and conditional upon MHT's advancing sufficient funds to consummate a business merger are barred by the language of the guarantees stating that they were continuing and unconditional *(see, Citibank v Plapinger,* 66 NY2d 90, *rearg denied* 67 NY2d 647).

Louis D. Restivo's second, third, fourth, fifth and ninth affirmative defenses purporting to raise issues of commercial reasonableness in obtaining modifications of the debt, alleging improper accounting for payments on the debt, alleging negligence in disposing of collateral securing the debt and the inability to liquidate assets to pay off a part of the debt, were supported only by conclusory statements. Moreover, the terms of the guarantee placed no duty on MHT to take any action with respect to the collateral securing the underlying loan. Accordingly, MHT's motion for summary judgment dismissing those affirmative defenses should have been granted. Concur—Sullivan, J. P., Ross, Kassal, Smith and Rubin, JJ.