■ DOLORES WASHBURN, Appellant, v GERALD WASHBURN, Respondent.—Order unanimously reversed on the law without costs, complaint reinstated, and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: Supreme Court erred by granting defendant's motion dismissing plaintiff's complaint seeking rescission of the parties' separation agreement that was incorporated but not merged into a judgment of divorce. Plaintiff's action was not barred by the doctrine of collateral estoppel because plaintiff did not have a full and fair opportunity to contest the validity of the separation agreement in a prior proceeding before Supreme Court during the divorce action *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 455). The focus of the court's inquiry at the trial of the divorce action was on the possible misconduct of plaintiff's attorney and not on plaintiff's contention that the separation agreement was procured by defendant's threats, fraudulent statements and his physical and verbal abuse. Although Supreme Court made inquiry concerning the circumstances surrounding the execution of the separation agreement, its inquiry was limited to whether the agreement was fair and equitable on its face. Plaintiff's allegations that the agreement was the product of defendant's threats to kill her, if proven, would require that the agreement be set aside *(see, Peters v Peters,* 150 AD2d 763; *see also, Christian v Christian,* 42 NY2d 63, 72). Plaintiff's complaint must be reinstated. We direct that the matter be remitted for further proceedings before a Justice other than the Justice who presided over this motion. Because we find that plaintiff's action was proper, Supreme Court's imposition

of sanctions upon plaintiff's attorney must be vacated. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Dismiss Complaint.) Present—Denman, P. J., Doerr, Green, Lawton and Davis, JJ.