(March 22, 1994)

■ BANK OF CHINA, CHINATOWN BRANCH, Respondent-Appellant, v CHUNG TAI ENTERPRISE (U.S.A.), INC., et al., Defendants, and CHUNG HOM, Appellants-Respondents. [609 NYS2d 216] —Order, Supreme Court, New York County (Carol Huff, J.), entered February 20, 1991, which, *inter alia,* granted plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint with respect to liability against defendants Hom, Ng and Wang, and ordered an assessment of damages which shall not exceed the sum of $260,000, exclusive of interest, costs and attorneys' fees, and order of the same court and Justice, entered January 9, 1992, which granted plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint with respect to liability against defendant Liu and ordered an assessment of damages as above, unanimously affirmed. Judgment, Supreme Court, New York County (Alfred Toker, J.), entered January 25, 1993, which, after damage assessment, *inter alia,* entered judgment in favor of plaintiff, and against defendants Hom, Ng, Liu and Wang, jointly and severally, in the sum of $406,252.50 plus interest, costs and disbursements, unanimously modified, on the law and the facts, to the extent of holding defendants Hom, Ng, Liu and Wang jointly and severally liable in the principal sum of $260,000 together with interest awarded on the total sum of $524,228.60 as the total debt of Chung Tai Enterprise (U.S.A.), Inc. (instead of $400,000) and attorneys' fees, and otherwise affirmed. Appeal from the decision dated July 29, 1992 unanimously dismissed as taken from a non-appealable paper, all without costs.

Summary judgment in lieu of complaint was properly granted with regard to defendants Hom, Ng, Liu and Wang since each signed an unconditional personal guarantee and failed to make payment upon proper demand *(see, Rhodia, Inc. v Steel,* 32 AD2d 753). Moreover, the asserted defenses of fraud in the inducement and lack of consideration fail to create issues of fact since said defenses were insufficiently substantiated *(see, Sterling Natl. Bank & Trust Co. v I. S. A. Merchandising Corp.,* 91 AD2d 571). Indeed, Liu's claim of ignorance of the English language is belied by, *inter alia,* the fact that he is clearly an experienced businessman who has conducted many negotiations with U.S. merchants. While defendants also claim that other documents, including a credit agreement and a promissory note which were executed at the

same closing as the guarantee, should have been consulted before determining the intent of the instant guarantee, the guarantee was unambiguous and its intent is clearly evidenced from the contract itself *(see, Chimart Assocs. v Paul,* 66 NY2d 570, 572-573). We also note that the parties and purposes of the other documents were different from those of the guarantee and that the other documents did not express any intent to limit the guarantee *(cf., BWA Corp. v Alltrans Express U.S.A.,* 112 AD2d 850, 852).

However, the court failed to properly calculate the interest owed by defendants. The contract provides that interest is to be paid on all obligations, not merely on the contractual limit of liability as to principal of $260,000 under the guarantee *(see, Bank of China v Chan,* 937 F2d 780, 790). Accordingly, interest should be calculated upon the total indebtedness of $524,228.60.

We have considered all other claims and find them to be meritless. Concur—Murphy, P. J., Kupferman, Asch, Williams and Tom, JJ.