■ NEW YORK LIFE INSURANCE COMPANY et al., Respondents, v MEDIA/COMMUNICATIONS PARTNERS LIMITED PARTNERSHIP, Appellant. [612 NYS2d 144] —Judgment, Supreme Court, New York County (Myriam Altman, J.), entered July 30, 1993, as amended by stipulation and order of same court (Edith Miller, J.), entered August 30, 1993, which granted plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 and awarded plaintiff a total of $16,321,605.95, unanimously affirmed, with costs.

The IAS Court properly held that under the express terms of the Guaranty, defendant was precluded from raising the defense of fraudulent inducement. The Guaranty Agreement states, *inter alia,* that defendant's obligation is "absolute and unconditional" and that the Guaranty shall remain in "full force and effect without regard to any waiver * * * to any investigation, analysis or evaluation by the [plaintiffs] * * * of the assets, business, operations, properties or condition (financial or otherwise) of * * * [Microband] to any act or omission on the part of [plaintiffs] * * * or to any other event that otherwise might constitute a legal or equitable counterclaim, defense or discharge * * * it being agreed that the obligations of the Guarantor under this Agreement shall not be satisfied or discharged except as expressly provided in [the guaranty]." *(Citibank v Plapinger,* 66 NY2d 90.) Sections 15 and 22 of the Guaranty Agreement do not expressly reserve the defense of fraudulent inducement. In addition, the IAS Court correctly determined that defendant ratified its Guaranty obligations by its conduct even after it became aware of the facts underlying its fraud claims. Concur—Sullivan, J. P., Rosenberger, Ellerin and Kupferman, JJ.