(December 22, 1994)

■ MIKOR REALTY AND DEVELOPMENT CORP., Appellant, v FLEET BANK et al., Respondents. [620 NYS2d 354] —Order and judgment, Supreme Court, New York County (Ira Gammerman, J.), entered June 9 and June 23, 1994, respectively, which dismissed the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs.

The complaint was properly dismissed since plaintiff guarantor "absolutely and unconditionally" guaranteed to secure two personal notes of its president and his business associate. The guarantee was not contingent upon the bank's agreement

to grant a new $1 million line of credit, and the bank's letter forwarding the guarantee and hypothecation agreement did not constitute a contract limiting plaintiff's obligations under the guarantee, which was executed a day later *(Bank of China v Chung Tai Enter.,* 202 AD2d 306).

Plaintiff's claim of fraudulent inducement is precluded as a matter of law by its absolute and unconditional guarantee to pay the personal notes, and its execution of the guarantee after the bank informed it that although the anticipated credit line had been denied, it would renew the personal notes *(Manufacturers Hanover Trust Co. v Restivo,* 169 AD2d 413, *lv dismissed* 77 NY2d 989). Furthermore, plaintiff ratified its obligations under the guarantee by accepting the bank's renewal of the personal notes, after the bank prevented plaintiff from redeeming the certificate of deposit which served as collateral for the guarantee a year later *(New York Life Ins. Co. v Media/Communications Partners Ltd. Partnership,* 204 AD2d 235). Concur—Murphy, P. J., Rosenberger, Ellerin and Rubin, JJ.