■ ROSE M. PERNETTI, Appellant, v GENNARO TURCI, Respondent. [624 NYS2d 131] —Order, Family Court, New York County (George Jurow, J.), entered on or about February 4, 1994, which granted the objections filed by respondent, re-

versed an order of the same court rendered by Hearing Examiner James Kestenbaum on October 26, 1993, and denied the petition seeking an upward modification of maintenance, unanimously affirmed, without costs.

The Family Court, in dismissing petitioner's application for an upward modification of the maintenance payments set forth in the terms of the parties' Stipulation of Settlement, which was incorporated into and survived their Judgment of Divorce, properly determined that the petitioner had failed to demonstrate a substantial change in circumstances warranting such a modification pursuant to Domestic Relations Law § 236 (B) (9) (b).

Petitioner is therefore not entitled to set aside the maintenance provisions, where, as here, the record supports the hearing court's finding that petitioner, while represented by competent counsel, voluntarily and knowingly entered into the Stipulation of Settlement and agreed to the maintenance provisions of the Stipulation which were fair and reasonable (*Ruxton v Ruxton,* 181 AD2d 876). There is no proof that the petitioner's medical and financial circumstances significantly worsened or the respondent's income and assets significantly increased between the time of the underlying divorce judgment and the subsequent application for upward modification (*Trainor v Trainor,* 188 AD2d 461).

We have reviewed the petitioner's remaining *pro se* claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.