■ MARGUERITE O'CONNOR, Appellant, v GREGORY O'CONNOR, Respondent. [644 NYS2d 174]

Plaintiff and defendant were divorced pursuant to a November 23, 1993 judgment that incorporated but did not merge the parties' separation agreement dated November 8, 1993. At issue on this appeal is the wife's right to foreclose on a mortgage on the marital residence pursuant to the provisions of the separation agreement.

Article XVI of the agreement provided for defendant's purchase of plaintiff's interest in the marital residence by securing a mortgage and mortgage note in the face amount of $39,000 (of which $4,000 represented arrears in child support); the terms of the mortgage were also specified. In exchange, plaintiff was to execute a quitclaim deed conveying her right, title and interest in the residence to defendant, who was to assume "full responsibility" for taxes and other expenses relating to the property. Article XVI also provided that in the event of defendant's default "with respect to any of his obligations as outlined in the mortgage and mortgage note executed by him or in the child support obligations hereunder, then the Wife shall have the right to foreclose on said mortgage."

As is relevant to this appeal, Article VII of the separation agreement provided that (1) plaintiff was to have sole custody of the parties' two minor children; (2) defendant was to have "unhampered contact" and "liberal and unhampered visitation" with them, but nothing in the agreement was to be "construed as an obligation or a duty" to exercise those rights, which were termed "optional"; and (3) defendant acknowledged that the children had resided in Tennessee for sixteen months prior to the agreement and consented to their continuing residence there. Article I, however, gave the parties the right to "reside from time to time at such place or places as each of such parties may see fit."

In December 1993, defendant recorded the mortgage and related documents as required by the agreement. In early January 1994, defendant apparently received notification by certified mail of plaintiff's relocation to Minnesota. Defendant made payments on the mortgage for the months of November 1993 through March 1994, with one payment each in the months of December, January and February, and two payments in March 1994. Payment then ceased. Defendant also fell behind in paying taxes on the property, but subsequently obtained hardship status in this regard. Plaintiff commenced this foreclosure action in November 1994—at which time seven mortgage payments had been missed—based on defendant's default as provided in Article XVI of the separation agreement.

Defendant claimed fraud as an affirmative defense and

counterclaim, alleging that he was induced to buy out plaintiff's interest in the residence by her assurances that she and the children would continue to reside in Tennessee. Because she remarried and relocated so soon after the divorce, defendant contends that these alleged representations were clearly false when made. Defendant also alleged that plaintiff prevented him from seeing the children, going so far as to withhold their current address, while plaintiff contends that defendant never tried to visit the children since the move to Tennessee and has otherwise barely maintained contact with them. On the basis of his allegations, defendant asserted three counterclaims: to set aside the mortgage; to gain exclusive custody; and to suspend maintenance and child support.

The IAS Court found that defendant's allegation of fraudulent inducement was sufficient to defeat plaintiff's summary judgment motion, but dismissed defendant's fourth affirmative defense, relating to plaintiff's claim for counsel fees. The IAS Court also dismissed the third counterclaim, seeking suspension of maintenance and child support payments, because plaintiff explicitly waived maintenance in the separation agreement, but gave defendant leave to file an amended answer and counterclaim for termination of child support due to the allegedly unauthorized relocation. The second counterclaim, for custody, was also dismissed with leave to replead.

Whatever the merits of the conflicting allegations regarding the children, plaintiff is correct that defendant's obligations under the mortgage and the separation agreement are entirely unrelated to that issue. Indeed, defendant's motivation in agreeing to the mortgage is irrelevant. Defendant cannot attack the agreement by means of an alleged oral promise that materially changes his obligations under the agreement, where it contains clear and unambiguous language (*Sundial Asphalt Corp. v V.P.C. Investors Corp.*, 173 AD2d 463, 464; *see also, Weed v Weed*, 222 AD2d 800, 801), and defendant has raised no issue of fact by admissible evidence as to his default (*Zuckerman v City of New York*, 49 NY2d 557). Accordingly, plaintiff was entitled to summary judgment.

The separation agreement on its face states unambiguously that no obligation specified therein is contingent upon the performance of any obligation of the other party, and thus "may be enforced independently" (Article XXVII). Article XXV specifically provides that the agreement "contains the entire understanding of the parties who hereby acknowledge that there have been and are no representations, warranties, covenants or undertakings other than those expressly set forth herein."

As a general matter, written contracts may not be modified by assertions of an oral agreement where the writing is unambiguous on its face (*see, e.g., Grossberg v Grossberg*, 104 AD2d 439, 440). Here, the parties took pains to make this principle explicit in their written agreement. Yet defendant claims, in essence, that there was actually another understanding between the parties, one which was the very inducement for his acceptance of the mortgage and separation agreement. This claim is barred by the very language of the agreement, and defendant cannot be excused from the performance of his obligations under the mortgage and the separation agreement on such grounds. It is noteworthy that, despite defendant's allegations that plaintiff has obstructed his access to their children all along (such as relocating to Tennessee "under false pretenses"), there is no suggestion of such prior conduct in the agreement, either in terms of making any of defendant's financial obligations contingent upon plaintiff's cooperative conduct in this regard, or by requiring some minimal amount of contact in a given time period.

Having set forth the terms of the agreement and the mortgage and defendant's failure to make the necessary payments, and defendant having failed to raise any factual issue with respect to his default, plaintiff's motion for summary judgment should have been granted (*Zuckerman v City of New York, supra*). Concur—Milonas, J. P., Kupferman, Ross and Tom, JJ.