■ MARK LUFTIG, Respondent, v MELANIE LUFTIG, Appellant. [657 NYS2d 658] —Order, Supreme Court, New York County (Richard Andrias, J.), entered March 7, 1996, which denied defendant's motion for an order (1) dismissing the complaint; (2) setting aside the provisions of the parties' separation agreement relating to maintenance, support and insurance, or, in the alternative, modifying the maintenance provision; (3) disqualifying plaintiff's counsel; and (4) awarding attorneys' fees, and granted plaintiff's motion (1) to dismiss defendant's counterclaim; and (2) for summary judgment on the complaint, and judgment entered thereon, unanimously affirmed, without costs.

Plaintiff-husband and defendant-wife were married in 1961. They entered into a separation agreement on October 15, 1992,

which provided for the wife to receive monthly maintenance in the amount of $4,200 for four years, totalling $201,600; 50% of the proceeds of the marital residence; and 50% of the husband's stock investment plan. The parties did not exchange sworn net worth statements and waived formal discovery proceedings, but each attached schedules of their income and assets to the agreement. The husband had been employed as a security analyst at Marsh & McLennan, with an annual salary in excess of $300,000, but the record is unclear as to whether he was so employed at the time the agreement was signed. Shortly thereafter, the husband accepted new employment as a utility analyst with Kemper Securities in Chicago, with a minimum salary of $150,000.

In May 1995, the husband commenced this action for a conversion divorce pursuant to Domestic Relations Law § 170 (5) on the grounds that the parties had lived separately for one year or more pursuant to the agreement, and he had substantially complied with the terms of that agreement. The wife answered, and asserted a counterclaim alleging the agreement was induced by the husband's fraudulent misrepresentation that he had recently retired and would not seek future employment. She claims she would not have accepted the terms of the agreement had she known the husband intended to work again. In October 1995, the wife moved to set aside the maintenance provisions of the agreement, or in the alternative, for modification of those provisions to reflect the husband's present employment.

While it may appear that triable issues of fact exist as to the substance of the wife's counterclaim for fraudulent inducement, the IAS Court's dismissal of the counterclaim was nevertheless proper. The separation agreement contains several provisions that prohibit the wife from altering its written terms, and undermine her claim of fraud (see, Grubman v Grubman, 191 AD2d 194, 195, lv denied 82 NY2d 651).

Paragraph Fifteenth (B) of the agreement states in part: "Each party expressly waives the right to any future financial disclosure and acknowledges that said waiver is made with the full benefit of legal counsel and knowledge of the legal consequences thereof and that neither party properly can or shall subsequently assert that this Agreement should be impaired or invalidated by reason of any lack of financial disclosure or lack of understanding or of fraud, duress or coercion." Additionally, Paragraph Nineteenth stated that the agreement "contains the entire understanding of the parties" and that there "are no other representations * * * other than those expressly set

forth herein." Similarly, Paragraph Twenty-Fourth stated that all the agreements and understandings were "merged" into the written agreement, and that "this Agreement is entered into with neither party relying upon any statement or representation, not embodied in this Agreement, made by the other."

Thus, the agreement expressly prohibits the parties from asserting an oral promise modifying its terms, which is exactly what the wife asserts herein. Generally, written contracts may not be modified by oral assertions where the writing is unambiguous on its face (see, O'Connor v O'Connor, 228 AD2d 156). Moreover, because the provisions in the agreement specifically preclude consideration of the type of oral representation alleged here, the wife's claim of reliance is manifestly unreasonable (see, Cohen v Cohen, 1 AD2d 586, 587-588, affd 3 NY2d 813; see also, McCaughey v McCaughey, 205 AD2d 330). It is most unlikely that the wife and her counsel would accept these provisions while simultaneously relying on an oral representation by the husband not to seek future employment.

Further, the wife ratified the agreement's terms by accepting support payments from the husband, with knowledge of the alleged fraud, for over three years prior to asserting her counterclaim (see, Wasserman v Wasserman, 217 AD2d 544; Luce v Luce [appeal No. 2], 213 AD2d 978; Grubman v Grubman, supra; see also, New York Life Ins. Co. v Media/ Communications Partners Ltd. Partnership, 204 AD2d 235). The wife's undocumented assertion that she immediately confronted plaintiff regarding his reemployment, but took no other action in the hope of settling the issue amicably, is insufficient to overcome her acceptance of the agreement's terms.

Also, the agreement was not unconscionable. The wife received, by her own estimation, assets worth $797,000, and $201,000 of maintenance (see, Wasserman v Wasserman, supra; Grubman v Grubman, supra). These terms are not so manifestly unfair that equity must intervene to prevent an injustice (see, Christian v Christian, 42 NY2d 63, 71). We discern no basis for a hearing on this or any other issue.

The wife's alternative request to modify the maintenance terms of the agreement was also properly denied. She sought the modification claiming a "substantial change in circumstances," namely, the husband's acceptance of further employment. That standard, however, applies only to modifications of prior orders or judgments of the court for maintenance or child support (Domestic Relations Law § 236 [B] [9] [b]). When the maintenance provisions of a separation agreement, incorporated but not merged into a divorce judgment, are sought to be mod-

ified, the standard is "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b]; *Sheridan v Sheridan,* 225 AD2d 604; *Young v Young,* 223 AD2d 358; *Didley v Didley,* 194 AD2d 7; *but see, Pernetti v Turci,* 213 AD2d 277). Given the substantial distributive and maintenance awards mentioned above, and the absence of any showing of financial need, no prima facie showing of extreme hardship has been made. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.