■ In the Matter of ELIZABETH A., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent;

Kathryn A., Appellant; Mark H., Respondent; Arline A., Nonparty Respondent. (And a Related Proceeding.) [787 NYS2d 109]—

In a proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Turbow, J.), entered July 3, 2003, as, upon a fact-finding order of the same court dated May 3, 2002, determining that she had neglected her child Elizabeth, and upon a dispositional order of the same court dated June 5, 2003, awarding custody of the child Elizabeth to the maternal grandmother, granted that branch of the grandmother's petition for custody which was for permission to relocate with the child Elizabeth to Nevada.

Ordered that the appellant's notice of appeal from the dispositional order dated June 5, 2003, is treated as a premature notice of appeal from the order entered July 3, 2003 (see CPLR 5520 [c]); and it is further,

Ordered that the order entered July 3, 2003, is affirmed insofar as appealed from, without costs or disbursements.

The Administration for Children's Services demonstrated the mother's long-term failure to provide care and guidance to her daughter Elizabeth. The evidence adduced at the fact-finding hearing overwhelmingly demonstrated the mother's history of alcohol dependence, mental illness, and overall inability to adequately provide for the proper care of Elizabeth. The mother has not challenged the findings of neglect, and does not contest the award of custody to the maternal grandmother. The sole issue raised by the mother is that the Family Court erred in granting that branch of the grandmother's petition for custody which was for permission to relocate with Elizabeth to Nevada. The mother's contentions are unavailing.

The record amply demonstrates that the maternal grandmother, in effect, has cared for Elizabeth for much of her life. When she lived with her mother, Elizabeth was withdrawn, mute, somber, sad, and developmentally delayed. She has flourished while living in the care of the grandmother. Her verbal skills have increased "dramatically," she has overcome her developmental delays, is functioning nearly at grade level in school, and has developed a cheerful, optimistic personality.

Elizabeth's residence with the grandmother in Nevada, with her sister and other family members nearby, is clearly in her best interests (see Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]; Matter of Marcy RR., 2 AD3d 1199 [2003]; Matter of McDevitt v Stimpson, 1 AD3d 811 [2003]; Matter of Scala v Parker, 304 AD2d 858 [2003]; Matter of DePaola v Corrales, 303 AD2d 586 [2003]). Ritter, J.P., S. Miller, Goldstein and Fisher, JJ., concur.