■ MEIR MARKOVITZ, Respondent, v SUSAN DIAMOND MARKOVITZ, Appellant. [816 NYS2d 419]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered on or about April 22, 2005, which denied defendant's motion for a stay of proceedings, discovery and equitable distribution of marital assets, and related relief, unanimously affirmed, without costs.

Defendant's argument that the motion court impermissibly decided an issue that was not before it, namely, the validity of the parties' separation/property settlement agreement, is improperly raised for the first time in her reply brief on appeal (*see e.g. Matter of 370 Manhattan Ave. Co., L.L.C. v New York State Div. of Hous. & Community Renewal*, 11 AD3d 370, 371 [2004]). Were we to reach the argument, we would reject it. The parties' written submissions in the motion court were largely devoted to the validity of the agreement. Moreover, if spouses have entered into a separation agreement, the spouse seeking discovery about the other spouse's finances must "adduce sufficient factual support constituting a legitimate basis to warrant modification or vacatur of the support provisions of the separation agreement" (*Oberstein v Oberstein*, 93 AD2d 374, 382 [1983]). Accordingly, defendant's request for discovery and equitable distribution of marital assets necessitated the motion court's consideration of the validity of the parties' agreement.

A hearing was not required under the circumstances. Defendant was represented by counsel of her choice, the parties and their lawyers negotiated the settlement agreement over several months, the agreement was not unconscionable, and the parties stated that they entered into the agreement voluntarily, without coercion or duress; that they considered the agreement fair; and that they waived their right to financial disclosure (*see e.g. Grubman v Grubman*, 191 AD2d 194 [1993], *lv denied* 82 NY2d 651 [1993]; *Luftig v Luftig*, 239 AD2d 225, 227 [1997]). Moreover, defendant is estopped from challenging the settlement agreement by having accepted the benefits thereof (*see Mahon v Moorman*, 234 AD2d 1 [1996]), including a home in East Hampton and payment of at least $1.7 million in cash assets. Concur—Buckley, P.J., Andrias, Nardelli and Catterson, JJ.