■ KRISTEN MAHAN, Appellant, v CHRISTOPHER MAHAN, Respondent. [817 NYS2d 216]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered January 5, 2006, which denied plaintiff's motion to amend her complaint to seek declaratory relief and rescission of the parties' agreement, unanimously affirmed, without costs.

Although the parties reached an agreement purportedly resolving all contested issues, both monetary and related to the children, plaintiff subsequently moved for further relief, claiming the agreement was unenforceable, void or voidable as vague and indefinite, procured by fraud and duress, manifestly unfair to her, and the product of overreaching by defendant. Although leave to amend a complaint ordinarily is freely granted, leave ordinarily is sought prior to the execution by counseled parties of an agreement settling the controversy alleged in the complaint. Moreover, the proposed amendment was properly rejected because it clearly lacked merit (*see Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 25 [2003]).

This duly executed marital agreement must be presumed to reflect the intention of the parties (*see Bloomfield v Bloomfield*, 97 NY2d 188, 193 [2001]), and may not be disturbed absent a showing of good cause such as fraud, collusion, mistake or duress, or unless the agreement is unconscionable (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Christian v Christian*, 42 NY2d 63, 71-72 [1977]). Plaintiff is challenging an agreement under which she already has received substantial financial benefits, and which allowed her to relocate to Connecticut with the couple's children. Plaintiff has not offered any evidence that the agreement was manifestly unfair to her or that it was the result of fraud or other inequitable conduct on defendant's part (*Osborne-Talan v Talan*, 276 AD2d 397 [2000]; *see also McCaughey v McCaughey*, 205 AD2d 330, 331 [1994]). Significantly, she did not decide to challenge the viability of the agreement until some 10 months after she had entered into it and received substantial benefits thereunder (*id.*). Plaintiff's conclusory claim of fraud is insufficient to undermine an agreement that appears to be fair on its face; the asserted nondisclosure of financial information is not the equivalent of fraud (*see Dayton v Dayton*, 175 AD2d 427 [1991], *lv denied* 78 NY2d 863 [1991]). Moreover, plaintiff was represented by independent counsel of her own choosing at the time she signed this agreement, which is neither facially irregular nor unconscionable (*see McFarland v McFarland*, 70 NY2d 916 [1987]).

We have considered plaintiff's other arguments, including that the agreement is vague and indefinite as to its material

terms, and find them unavailing. Concur—Sullivan, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.