■ In the Matter of IRIS R., Respondent, v JOSE R., Respondent, and LISA R., Appellant. [902 NYS2d 519]—

Order, Family Court, New York County (Sarah P. Cooper, Ref.), entered on or about November 8, 2007, which, after a hearing and to the extent appealed from, granted the paternal grandmother's petition for modification of a 2005 order that had given her physical custody of the child in a joint custody arrangement with respondent parents, and denied respondent mother's cross petition for sole custody, awarding sole custody to petitioner with permission to relocate with the child to Florida, unanimously affirmed, without costs.

The 2005 custody arrangement was granted on consent, and respondent mother failed to demonstrate a sufficient change in circumstances since the time of that stipulation to support her latest cross petition (see Matter of Sergei P. v Sofia M., 44 AD3d 490 [2007]). Additionally, extraordinary circumstances triggered this latest inquiry as to the best interests of the child with regard to changing petitioner's physical custody to sole custody (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). The evidence established persistent neglect by both parents, and revealed a prolonged separation between them and the child, who has been residing with petitioner for over three years (Domestic Relations Law § 72 [2] [b]; see Matter of Carton v Grimm, 51 AD3d 1111, 1112 n [2008], lv denied 10 NY3d 716 [2008]).

Based upon the totality of the circumstances, including evidence relating to the parents' past performance and the need to maintain stability for this young child (now nine years old), we find no basis for disturbing the court's best-interests award of sole custody to petitioner, with permission for the child to remain with her in Florida (see Matter of Elizabeth A., 13 AD3d 615 [2004]). Concur—Friedman, J.P., Nardelli, Moskowitz, Freedman and Manzanet-Daniels, JJ.