■ ERIKA KLAUER, Respondent, v ASA ABELIOVICH, Appellant. [992 NYS2d 408]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered October 15, 2013, which, to the extent appealed from as limited by the briefs, denied defendant's motion to vacate the July 1, 2013 on-the-record custody agreement, unanimously affirmed, without costs. Appeal from so-ordered transcript of the custody agreement, same court and Justice, entered on or about September 24, 2013, unanimously dismissed, without costs.

Supreme Court properly denied defendant's motion to set

aside the open-court custody agreement, as there was no showing of fraud, overreaching, mistake, or duress (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]). The parties were represented by able and experienced counsel, had been negotiating custody for some time, and spent an entire day resolving the agreement. Defendant was actively involved in the negotiations and many of his requested additions and modifications were incorporated into the agreement. Further, Supreme Court conducted a proper allocution of defendant and properly determined that he voluntarily and knowingly accepted the terms of the stipulation (*see Matter of Strang v Rathbone*, 108 AD3d 565, 566 [2d Dept 2013]). Defendant's contentions that he felt "forced into settling" and pressured by his attorneys are insufficient to establish mistake or duress so as to warrant setting aside the stipulation (*id.*).

Defendant did not demonstrate any change in circumstances since the time of the stipulation that would warrant the modification he seeks (*see Matter of Iris R. v Jose R.*, 74 AD3d 457 [1st Dept 2010]). Nor is there any basis for finding that the agreement is against the child's best interests (*see generally Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). The agreement ensures regular parental access, equal vacation and holiday time, requires plaintiff to consult defendant on all major decisions, and gives defendant a say in medical decisions and in some extracurricular activities. The forensic report was not in evidence and, in any event, is not binding on the court (*see Matter of John A. v Bridget M.*, 16 AD3d 324, 332 [1st Dept 2005], *lv denied* 5 NY3d 710 [2005]). Accordingly, defendant was not entitled to a hearing on custody (*see Matter of Patricia C. v Bruce L.*, 46 AD3d 399 [1st Dept 2007]). Concur—Friedman, J.P., Acosta, Saxe, Gische and Kapnick, JJ.