Order, Supreme Court, New York County (Laura Drager, J.), entered on or about September 2, 2014, which, to the extent appealed and cross-appealed from as limited by the briefs, denied defendant’s motion to rescind portions of the parties’ separation agreement, ordered a hearing on the issue of whether visitation should be modified, and granted plaintiff’s *580 cross motion for an award of attorney’s fees, termination of further payments by plaintiff to defendant, and an order requiring defendant to pay for any forensic evaluation and all attorney’s fees incurred at the visitation hearing, and for a hearing to recalculate defendant’s child support obligations, unanimously affirmed, without costs.
The initial reason for supervised visits was defendant father’s psychological issues, particularly his anxiety over the child’s food allergies and health, which manifested negatively in the child. As the motion court noted, a forensic report from 2011 establishes that even when the parties entered into the separation agreement (agreement) in November of that year, defendant’s parenting skills and interactions with the child were improving. Comprehensive Family Services (CFS), the agency supervising the visits, wavered in its opinion on additional visitation, further suggesting that circumstances were changing and warrant exploration at a hearing.
The court was entitled to credit the affidavit from Dr. Hymowitz, defendant’s therapist with whom he meets monthly, who opined that defendant now has a friendly and even temperament and no longer exhibits any negative traits that would harm the child. Dr. Hymowitz also spoke to CFS about defendant’s progress. Furthermore, pursuant to the agreement, defendant was required to seek Dr. Hymowitz’s support for modification, and the parties agreed that the court would consider his opinion. Since the basis for supervision stemmed from defendant’s psychological and parenting issues, and there is evidence that he has made progress during the past two years of therapy, and has continued to bond with his son, the court properly concluded that there was a material change in circumstances warranting a hearing (see Matter of King v King, 266 AD2d 546 [2d Dept 1999]).
The court correctly denied defendant’s motion to rescind portions of the agreement allocating certain expenses to him as a result of his motion to modify visitation. Defendant acknowledged under oath that he had the assistance of counsel in negotiating the agreement, understood its terms, and entered into it voluntarily (see Klauer v Abeliovich, 120 AD3d 1114, 1115 [1st Dept 2014]). The court also correctly rejected defendant’s claim that the agreement was manifestly unfair or against public policy because it denied him a level playing field. Plaintiff has already paid defendant more than $800,000 in lump sum payments and attorney’s fees under the terms of the agreement and he has failed to document his claim of financial hardship. Moreover, defendant accepted those payments *581 without questioning the fairness of the agreement (see Mahan v Mahan, 29 AD3d 471, 472 [1st Dept 2006]; see also Beutel v Beutel, 55 NY2d 957 [1982]).
Accordingly, the court correctly required defendant to comply with the agreement’s terms requiring him to pay his own attorney’s fees and reasonable attorney’s fees of $50,000 to plaintiff, notwithstanding its prior award to plaintiff of $25,000, for her total fees of $83,151.75. In addition, we find the agreement’s additional penalties for defendant’s motion practice enforceable. They were freely negotiated between the parties and do not reflect any overreaching or manifest unfairness, nor does defendant argue that they are unconscionable or were procured by duress, fraud, or mistake (see Mahan, 29 AD3d at 472).
Concur — Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.