DePalma v DePalma (2021 NY Slip Op 02098)





DePalma v DePalma


2021 NY Slip Op 02098


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Gische, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 652893/19 Appeal No. 13510 Case No. 2020-02543 

[*1]Carol DePalma, Plaintiff-Appellant,
v
Vincent DePalma, Defendant-Respondent.


Feder Kaszovitz LLP, New York (Murray L. Skala of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Greg S. Zucker of counsel), for respondent.



Order Supreme Court, New York County (Lori S. Sattler, J.), entered on or about May 5, 2020, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (a)(7), unanimously affirmed, without costs.
The motion court properly dismissed plaintiff's claims for, inter alia, fraud and breach of contract, where the record established that prior to settlement she was aware that defendant's business was involved in a lucrative merger with another company. With this knowledge, plaintiff, who was represented by independent counsel, chose to forgo further discovery and executed a stipulation of settlement containing mutual releases of all claims and discovery waivers, acknowledging that the parties had a "full and complete opportunity to make independent inquiry into the financial circumstances of the other." Accordingly, plaintiff cannot assert that she reasonably relied on defendant's silence or any misrepresentation regarding his business interests at the time of settlement (see Kojovic v Goldman, 35 AD3d 65 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
In any event, defendant's failure to explicitly disclose his current business interests in the stipulation does not render it void where, contrary to plaintiff's contention, the agreement was fair on its face (see Dayton v Dayton, 175 AD2d 427, 428 [3d Dept 1991], lv denied 78 NY2d 863 [1991]), and plaintiff had already ratified the agreement by accepting substantial benefits thereunder before seeking recission and reformation of the stipulation four years after the divorce (see Markovitz v Markovitz, 29 AD3d 460, 461 [1st Dept 2006]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021