Wong v Wong (2023 NY Slip Op 05239)

Wong v Wong

2023 NY Slip Op 05239

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Rodriguez, Rosado, JJ. 

Index No. 158126/17 Appeal No. 809 Case No. 2022-05463 

[*1]Victoria Wong, Plaintiff-Appellant,
v
Ricky Wong, Defendant-Respondent.

Sutton Sachs Meyer PLLC, New York (Zachary Meyer of counsel), for appellant.
Leitner & Getz LLP, Marcy (Gregory J. Getz of counsel), for respondent.

Order, Supreme Court, New York County (Schlomo S. Hagler, J.), entered on November 10, 2022, which, to the extent appealed from as limited by the briefs, granted defendant husband's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
The parties were married in 1996, and in June 2008, plaintiff wife commenced the underlying divorce action. In March 2015, the parties entered into a stipulation of settlement to resolve all rights and obligations arising out of the marital relationship. The agreement provided the wife with, among other things, maintenance for three years, equitable distribution of marital assets, and counsel fees.
Shortly after entry of the judgment of divorce, the wife brought an action in Taiwan, asking for an investigation into, and seeking equitable distribution of, defendant husband's assets there. She asserted that she had discovered that the husband had assets in Taiwan that were undisclosed on his net worth statements. The court dismissed the action, having concluded that the issue was properly brought before the courts of New York. In 2018, prior to the Taiwan court rendering its decision, the wife commenced this action alleging that, having uncovered that the husband had assets in Taiwan that were unreported on his net worth statement, he had fraudulently induced her into entering the stipulation of settlement.
The motion court correctly dismissed the wife's complaint. The record establishes that prior to settlement the wife was aware of the husband's bank accounts in Taiwan, as they had been itemized on his net worth statement. Even assuming the amounts listed by the husband were inaccurate, it cannot be said that the husband failed to disclose the existence of the accounts, and nothing prevented the wife from discovery on that point during the settlement agreement negotiations (see Kojovic v Goldman, 35 AD3d 65, 68 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). Moreover, the real properties in Taiwan that were not disclosed on the net worth statement were not only held to be nonmarital property by the Taiwan court, but admitted as such by the wife. They were, accordingly, specifically excluded from equitable distribution by the terms of the agreement. As for the stock accounts, according to the husband's affidavit, he was unaware of certain stock accounts that were set up in his name in Taiwan by his parents, a fact corroborated in the affidavit of his sister. This unrebutted lack of knowledge of the accounts refutes the wife's allegations of any intent to defraud (see Mahan v Mahan, 29 AD3d 471, 472 [1st Dept 2006] ["[A]sserted nondisclosure of financial information is not the equivalent of fraud"]). Accordingly, the wife cannot assert that she reasonably relied on the husband's silence or any misrepresentation at the time of settlement (see Kojovic v Goldman, 35 AD3d 65).
We also note that the wife had already ratified the agreement by accepting substantial benefits [*2]thereunder before seeking rescission and reformation of the stipulation nearly three years after the divorce (see DePalma v DePalma, 193 AD3d 449, 450 [1st Dept 2021], lv dismissed 37 NY3d 1039 [2021]). This further precludes the wife from asserting a fraud claim (see Chalos v Chalos, 128 AD2d 498, 499 [2d Dept 1987], lv denied 70 NY2d 609 [1987]; Mahan v Mahan, 29 AD3d at 472; Markovitz v Markovitz, 29 AD3d 460, 461 [1st Dept 2006]).
We have considered the wife's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023