Sanders v Sanders (2025 NY Slip Op 00548)

Sanders v Sanders

2025 NY Slip Op 00548

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

730 CA 23-00718

[*1]THERESA A. SANDERS, PLAINTIFF-APPELLANT,
v
RALPH SANDERS AND SANDRA ELLIS, ALSO KNOWN AS SANDRA ELLIS SANDERS, DEFENDANTS-RESPONDENTS. 

HOFFMANN, HUBERT & HOFFMAN, SYRACUSE (TERRENCE J. HOFFMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON, LLP, SYRACUSE (LEE ALCOTT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered October 4, 2022. The order denied the motion of plaintiff for a default judgment and granted the cross-motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross-motion in part and reinstating the complaint against defendant Ralph Sanders, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action contesting an open court stipulation of a settlement agreement (agreement), which was incorporated but not merged into the judgment of divorce between plaintiff and defendant Ralph Sanders (Sanders). Plaintiff alleged that, at the time the agreement was entered into, defendants intentionally engaged in various deceptive acts designed to conceal marital assets from plaintiff. Plaintiff thus sought, inter alia, reformation and modification of the agreement to include all of the assets allegedly secreted by defendants. Plaintiff appeals from an order that, in relevant part, granted defendants' cross-motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7).
Initially, we conclude that Supreme Court properly granted that part of the cross-motion seeking dismissal of the complaint against defendant Sandra Ellis, also known as Sandra Ellis Sanders (Ellis). "[P]arties to a contract cannot, under its terms, impose any liability upon a stranger to that contract" (Bartsch v Bartsch, 54 AD2d 940, 941 [2d Dept 1976]; see Tema v Tema, 227 AD3d 930, 932 [2d Dept 2024]; see generally Bouley v Bouley, 19 AD3d 1049, 1050 [4th Dept 2005]). Inasmuch as Ellis was not a party to the agreement and had therefore not assumed any duties thereunder, we conclude that defendants established that she is not a proper defendant (see Tema, 227 AD3d at 932; see generally Matter of Gregory v Gregory, 109 AD3d 616, 617 [2d Dept 2013]; Bouley, 19 AD3d at 1050). In opposition, plaintiff failed to rebut defendants' showing or otherwise establish that Ellis was a party to the agreement.
We agree with plaintiff, however, that the court erred in granting that part of the cross-motion with respect to Sanders, and we therefore modify the order accordingly. When considering a motion to dismiss the complaint pursuant to CPLR 3211, the court "must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiff[ ] every possible favorable inference" (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]; see generally Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In evaluating whether a complaint should be dismissed pursuant to CPLR 3211 (a) (7) in a case where the court has considered evidentiary material in support of or in opposition to the motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (Leon, 84 NY2d at 88 [internal quotation marks omitted]). Thus, "[a] motion pursuant to CPLR 3211 (a) (7) will be granted if [*2]the plaintiff does not have a cause of action" (Murnane Bldg. Contrs., LLC v Cameron Hill Constr., LLC, 159 AD3d 1602, 1603 [4th Dept 2018]).
Here, in support of the cross-motion, defendants submitted a copy of the judgment of divorce and a transcript of the agreement. Defendants asserted that the evidence they submitted conclusively demonstrated that plaintiff does not have a claim against Sanders (see generally Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 88-90 [4th Dept 2015]) to reform or modify the agreement as the product of Sanders's alleged fraudulent actions inasmuch as the agreement establishes that plaintiff expressed satisfaction with the financial disclosure she received from Sanders in connection with the divorce and confirmed that she was satisfied with the agreement's division of marital assets. Defendants thus asserted that plaintiff waived her right to challenge any failure by Sanders to fully disclose assets in connection with the agreement.
We agree with plaintiff that the terms of the agreement do not establish that she waived that right when she entered into the agreement. At most, the record shows that, at the time plaintiff entered into the agreement, she was satisfied with Sanders's disclosure of all marital property. The agreement does not, however, demonstrate that plaintiff expressly and intentionally agreed to waive the right to challenge the agreement in the future if she learned that Sanders had, in fact, secreted marital assets from her during the pendency of the divorce proceedings (cf. Markovitz v Markovitz, 29 AD3d 460, 461 [1st Dept 2006]; Genovese v Genovese, 243 AD2d 679, 679 [2d Dept 1997]; DiSalvo v Graff, 227 AD2d 298, 298 [1st Dept 1996]; see generally Hadden v Consolidated Edison Co. of N.Y., 45 NY2d 466, 469 [1978]). The agreement contains no "provisions that prohibit [plaintiff] from altering its written terms [or that] undermine her claim of fraud" (Luftig v Luftig, 239 AD2d 225, 226 [1st Dept 1997]), such as language establishing that "[e]ach party expressly waive[d] the right to any future financial disclosure . . . and that neither party properly can or shall subsequently assert that [the] [a]greement should be impaired or invalidated by reason of any lack of financial disclosure or lack of understanding or of fraud, duress or coercion" (id.). Consequently, we conclude that the agreement itself does not furnish a basis for granting that part of the motion seeking to dismiss the complaint against Sanders pursuant to CPLR 3211 (a) (7).
We further conclude that defendants did not meet their burden on that part of the cross-motion seeking to dismiss the complaint against Sanders pursuant to CPLR 3211 (a) (7) inasmuch as they submitted no evidence refuting plaintiff's specific and detailed allegations that Sanders secreted marital assets prior to the entry of the agreement. By relying on the terms of the agreement alone and submitting no affidavits or other evidence to refute plaintiff's specific allegations, defendants failed to " 'flatly contradict[ ]' plaintiff's allegations that she was not provided with complete disclosure regarding the subject assets at the time she executed the agreement" (Stuber v Stuber, 209 AD3d 1297, 1297 [4th Dept 2022]; see generally Simkin v Blank, 19 NY3d 46, 52 [2012]). As indicated above, at this stage of the proceedings, we "must give the complaint a liberal construction, accept the allegations as true and provide plaintiff[ ] with the benefit of every favorable inference . . . Whether a plaintiff can ultimately establish [the] allegations is not part of the calculus in determining a motion to dismiss" (Tower Broadcasting, LLC v Equinox Broadcasting Corp., 160 AD3d 1435, 1436 [4th Dept 2018]).
We also conclude that CPLR 3211 (a) (5) furnishes no basis for granting that part of the cross-motion with respect to Sanders. As relevant here, that provision permits a party to "move for judgment dismissing one or more causes of action . . . on the ground that . . . the cause of action may not be maintained because of . . . collateral estoppel [or] . . . res judicata" (id.). The agreement at issue is a contract and, inasmuch as it did not merge into the judgment of divorce, its obligations survived the judgment, requiring any party seeking to invalidate the agreement to commence a plenary action (see Rainbow v Swisher, 72 NY2d 106, 109 [1988]; Mancuso v Graham, 173 AD3d 1808, 1809 [4th Dept 2019]; Anderson v Anderson, 153 AD3d 1627, 1628 [4th Dept 2017]). We conclude that, under the circumstances of this case, neither res judicata nor collateral estoppel—to the extent that either flows from the purportedly preclusive effect of the judgment of divorce—applies here to preclude the plenary action "to contest the validity of the separation agreement" (Washburn v Washburn, 178 AD2d 991, 991 [4th Dept 1991]; see Bryant v Carty, 118 AD3d 1459, 1460 [4th Dept 2014]; see generally Sacks v Sacks, 220 AD2d 736, 737 [2d Dept 1995]).
We also conclude that dismissal of the complaint under CPLR 3211 (a) (1) is unjustified. A motion under CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence establishes a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021], rearg denied 37 NY3d 1020 [2021]; Carbone v Brenizer, 148 AD3d 1806, 1806 [4th Dept 2017]). Here, we conclude that defendants did not satisfy their burden of providing documentary evidence that utterly refutes plaintiff's claims. As noted above, defendants submitted a copy of the judgment of divorce and the transcript of the agreement to support their argument that plaintiff's complaint did not overcome the presumption of validity attendant to the agreement. We disagree inasmuch as it cannot be the case that plaintiff's challenge to the validity of the agreement itself—i.e., her claim that it should be reformed or modified as the product of defendants' fraudulent conduct and misrepresentations at the time it was entered into—can be completely refuted by the mere existence of the agreement (see generally Bisimwa v St. John Fisher Coll., 194 AD3d 1467, 1469 [4th Dept 2021]).
We have reviewed the remaining contentions and conclude that none warrants further modification or reversal of the order.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court