Matter of Cross v Cross (2025 NY Slip Op 00760)

Matter of Cross v Cross

2025 NY Slip Op 00760

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

722 CAF 23-00526

[*1]IN THE MATTER OF JESSICA L. CROSS, PETITIONER-APPELLANT,
v
BRIAN F. CROSS AND CHAD D. GABRUK, SR., RESPONDENTS-RESPONDENTS.  SCOTT A. OTIS, ESQ., ATTORNEY FOR THE CHILDREN, APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR PETITIONER-APPELLANT.
CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-RESPONDENT BRIAN F. CROSS.
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILDREN. 

 Appeals from an order of the Family Court, Lewis County (Daniel R. King, J.), entered March 27, 2023, in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, continued sole legal and physical custody of the subject children with respondent Brian F. Cross. 
It is hereby ORDERED that said appeal by the attorney for the children is unanimously dismissed and the order is affirmed without costs.
Memorandum: Petitioner mother commenced this proceeding pursuant to Family Court Act article 6 seeking modification of a prior order, entered more than three years earlier, that, inter alia, maintained custody of the subject children with respondent Brian F. Cross, a nonparent. The children have resided with Cross since 2014. In her petition, the mother seeks custody of the children.
Following a trial, Family Court determined, inter alia, that Cross met his burden of establishing extraordinary circumstances and that it was in the children's best interests to remain with him. The mother and the attorney for the children (AFC) separately appeal, as limited by their briefs, from an order insofar as it maintained custody of the children with Cross. We affirm.
Preliminarily, we note that the notice of appeal filed by the AFC is untimely (see Family Ct Act § 1113; Matter of Fraser v Fraser, 185 AD3d 1444, 1444-1445 [4th Dept 2020]; Matter of Liliana G. [Orena G.], 91 AD3d 1325, 1326 [4th Dept 2012]). Therefore, we must dismiss the AFC's appeal (see Fraser, 185 AD3d at 1445; Liliana G., 91 AD3d at 1326), and we may not consider the AFC's contentions, except to the extent that they are also raised by the mother (see Matter of Dinoff v Knechtel, 224 AD3d 1288, 1291-1292 [4th Dept 2024]).
It is well settled that, "as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances . . . The nonparent has the burden of proving that extraordinary circumstances exist" (Matter of Orlowski v Zwack, 147 AD3d 1445, 1446 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 545-549 [1976]; Matter of Byler v Byler, 185 AD3d 1403, 1404 [4th Dept 2020]). Examples of [*2]extraordinary circumstances include "prolonged separation, disruption of custody for a prolonged period of time and attachment of the child to the custodian . . . , sibling separation . . . , psychological bonding of the child to the custodian and potential harm to the child . . . , the biological parent's abdication of parental rights and responsibilities . . . and the child's poor relationship with the biological parent" (Matter of Byler v Byler, 207 AD3d 1072, 1073 [4th Dept 2022], lv denied 39 NY3d 901 [2022]). No one factor should be viewed in isolation when determining whether extraordinary circumstances exist, but rather the "analysis must consider the cumulative effect of all issues present in a given case . . . , including, among others, the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the . . . parent allowed such custody to continue without trying to assume the primary parental role" (Matter of Tuttle v Worthington, 219 AD3d 1142, 1144 [4th Dept 2023]; see Byler, 207 AD3d at 1074-1075).
In evaluating whether there are extraordinary circumstances, we afford great deference to the determination of the trial court, based on "its superior ability to evaluate the credibility of the testifying witnesses," and its determination will not be disturbed "unless it lacks a sound and substantial basis in the record or is contrary to the weight of the credible evidence" (Tuttle, 219 AD3d at 1146).
Here, we conclude, contrary to the mother's sole contention, that Cross met his burden of establishing that extraordinary circumstances existed, based on, among other things, the mother's voluntary relinquishment of physical custody of the children, the prolonged subsequent separation, and the psychological attachment the children had to Cross (see Byler, 207 AD3d at 1074-1075; Orlowski, 147 AD3d at 1447; Matter of Iris R. v Jose R., 74 AD3d 457, 457 [1st Dept 2010]; Matter of Michael G.B. v Angela L.B., 219 AD2d 289, 293-294 [4th Dept 1996]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court